■ JEDIDIAH BURACK, Respondent, v TOWER INSURANCE COMPANY OF NEW YORK, Appellant. [784 NYS2d 53]—

Order, Supreme Court, New York County (Diane A. Lebedeff, J.), entered February 18, 2004, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

This action for declaratory judgment resulted from defendant's declination of coverage after the collapse of an apartment building. For three weeks before the collapse, excavation had been ongoing in an adjacent lot. Plaintiff claims the collapse resulted from the construction equipment coming into contact with his building. Defendant claims this loss is not covered because the policy excludes coverage for losses due to "earth movement," a phrase whose meaning is an issue in this appeal.

Assuming, for the sake of argument, that the displacement of earth occasioned the collapse, it is premature to conclude that the contract exclusion applies as a matter of law. Traditionally, that exclusion has covered instances of earth movement from natural phenomena, such as catastrophic land shifts or erosion (*see e.g. Holy Angels Academy v Hartford Ins. Group*, 127 Misc 2d 1024 [1985]; *Barash v Insurance Co. of N. Am.*, 114 Misc 2d 325, 330 [1982]; *Peters Twp. School Dist. v Hartford Acc. & Indem. Co.*, 833 F2d 32, 36 [3d Cir 1987]). Defendant claims that language in the policy excluding loss "regardless of any other cause or event that contributes concurrently or in any sequence to the loss" precludes coverage from an intervening human cause where the primary cause (a shifting of the earth) is specifically excluded.

There are, however, questions as to whether the shifting of the earth due to the actions of third parties on the adjoining property's construction site falls within the exclusion. The policy does not unequivocally exclude losses of the type at issue here. Furthermore, we are not persuaded that the loss here resulted

from activity similar to "mine subsidence," which is excluded under the policy, and which occurs over a much longer period of time, without any active intervening agent such as ongoing construction. Concur—Tom, J.P., Saxe, Lerner, Marlow and Sweeny, JJ.