DEBORAH LEE et al., Appellants, v STATE FARM FIRE & CASUALTY CO., Respondent, et al., Defendants. [822 NYS2d 559]—

In an action to recover damages for breach of contract and for a judgment declaring that the loss to the plaintiffs' property is

covered under their insurance policy, the plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Golar, J.), entered September 20, 2004, as denied their motion for summary judgment against the defendant State Farm Fire & Casualty Co. on the issue of liability and granted the cross motion of the defendant State Farm Fire & Casualty Co. for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the cross motion is denied, the complaint is reinstated insofar as asserted against the defendant State Farm Fire & Casualty Co., and the matter is remitted to the Supreme Court, Queens County, for a trial on the issue of damages.

The plaintiffs own a residential rental property in Corona, Queens. They obtained a rental dwelling property insurance policy (hereinafter the policy) from the defendant State Farm Fire & Casualty Co. (hereinafter State Farm). In September 2002 soil located underneath and supporting the plaintiffs' building was removed during excavation and underpinning operations on the lot adjoining the plaintiff's property to the south. As a result, the plaintiffs' property was damaged, and they filed a claim with State Farm. State Farm disclaimed coverage asserting, inter alia, that coverage was excluded under the earth movement exclusion in the policy, which states:

"We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce loss. . . .

"b. Earth Movement meaning the sinking, rising, shifting, expanding, or contracting of earth, all whether combined with water or not. Earth movement includes but is not limited to earthquake, landslide, mudflow, sinkhole, subsidence and erosion. Earth movement also includes volcanic explosion or lava flow[.]"

"Generally, where an insurer wishes to exclude certain coverage from its policy obligations, it must do so in clear and unmistakable language (*see, Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 311). Such exclusions or exceptions from policy coverage must be specific and clear in order to be enforceable, and they are not to be extended by interpretation or implication, but are to be accorded a strict and narrow construction. Thus the insurance company bears the burden of establishing that

the exclusions apply in a particular case and that they are subject to no other reasonable interpretation (*see, Seaboard Sur. Co. v Gillette Co., supra* at 311)" (*Gaetan v Firemen's Ins. Co. of Newark,* 264 AD2d 806 [1999]). The burden is a heavy one, and if the language is doubtful or uncertain in its meaning, any ambiguity will be construed in favor of the insured and against the insurer (*see Pepsico, Inc. v Winterthur Intl. Am. Ins. Co.,* 13 AD3d 599 [2004]).

We disagree with State Farm's contention that the earth movement exclusion clearly and unambiguously applies to the plaintiff's loss at issue. The exclusion defines "Earth Movement" as "sinking, rising, shifting, expanding, or contracting of earth, all whether combined with water or not." Here, the record establishes that the earth underneath the plaintiff's dwelling did not sink, rise, shift, expand, or contract. Rather, earth was excavated from underneath the plaintiff's dwelling.

This case is distinguishable from *Sheehan v State Farm Fire & Cas. Co.* (239 AD2d 486 [1997]), and *Kula v State Farm Fire & Cas. Co.* (212 AD2d 16 [1995]). This Court found in *Sheehan* that the same "Earth Movement" exclusion as at issue here applied to exclude coverage of the plaintiffs' loss which occurred when a portion of the slab foundation of the insured's house collapsed as the result of decomposing organic matter within the ground underneath the foundation. The Appellate Division, Fourth Department, found in *Kula* that the same "Earth Movement" exclusion as at issue here applied to exclude coverage of the insured's loss which occurred when a water pipe ruptured beneath their home, causing the soil beneath the home to wash away. In both of those cases, there was a "sinking" of the ground underneath the insureds' dwellings, such that the loss fell within the language of the exclusion to coverage. The facts of this case, however, involving the physical removal by excavation of earth from underneath the plaintiffs' dwelling, does not fall squarely within the language of the exclusion, which defines "Earth Movement" as "sinking, rising, shifting, expanding, or contracting of earth."

Since the plaintiffs' house suffered a collapse loss which is covered by the policy (*see Royal Indem. Co. v Grunberg,* 155 AD2d 187 [1990]), the plaintiffs' motion for summary judgment against State Farm on the issue of liability should have been granted. Accordingly, we remit the matter to the Supreme Court, Queens County, for a trial on the issue of damages. Crane, J.P., Goldstein, Luciano and Covello, JJ., concur.