■ PIONEER TOWER OWNERS ASSOCIATION, Respondent, v STATE FARM FIRE & CASUALTY COMPANY et al., Appellants. [857 NYS2d 497]—In an action to recover damages for breach of contract and for a judgment declaring that the loss to the plaintiff's property is covered under the insurance policy issued by the defendants, the defendants appeal from (1) an order of the Supreme Court, Nassau County (Feinman, J.), dated March

29, 2007, which granted the plaintiff's motion for summary judgment on the issue of liability and denied their cross motion for summary judgment dismissing the complaint, and (2) a judgment of the same court entered November 28, 2007, which, upon the order and upon a stipulation on the issue damages, is in favor of the plaintiff and against the defendants in the principal sum of $122,500.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law, by adding a provision thereto declaring that the loss to the plaintiff's property is covered under the insurance policy issued by the defendants; as so modified, the judgment is affirmed, with costs.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability, and denied the defendants' cross motion for summary judgment dismissing the complaint. The plaintiff met its initial burden of establishing its entitlement to judgment as a matter of law by demonstrating that the insurance policy exclusions did not clearly and unambiguously apply to the loss in this case (*see Lee v State Farm Fire & Cas. Co.,* 32 AD3d 902 [2006]; *242-44 E. 77th St., LLC v Greater N.Y. Mut. Ins. Co.,* 31 AD3d 100, 103-104 [2006]; *Burack v Tower Ins. Co. of N.Y.,* 12 AD3d 167 [2004]). In opposition, the defendants failed to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

Since this is, in part, a declaratory judgment action, the Supreme Court's judgment should have included an appropriate declaration in favor of the plaintiff (*see 200 Genesee St. Corp. v City of Utica,* 6 NY3d 761, 762 [2006]; *Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Spolzino, J.P., Balkin, Dickerson and Belen, JJ., concur. [*See* 15 Misc 3d 1127(A), 2007 NY Slip Op 50869(U).]