[908 NE2d 875, 880 NYS2d 885]

PIONEER TOWER OWNERS ASSOCIATION, Respondent, v STATE
FARM FIRE & CASUALTY COMPANY et al., Appellants.

Argued March 31, 2009; decided April 30, 2009

## POINTS OF COUNSEL

*Rivkin Radler LLP,* Uniondale *(Stuart M. Bodoff, Evan H. Krinick, Cheryl F. Korman* and *Michael A. Troisi* of counsel), for appellants. I. Plaintiff's loss is excluded from coverage under the earth movement exclusion in the policy. *(Matter of Covert,* 97 NY2d 68; *Vigilant Ins. Co. v Bear Stearns Cos., Inc.,* 10 NY3d 170; *White v Continental Cas. Co.,* 9 NY3d 264; *Bailey v Fish & Neave,* 8 NY3d 523; *Baughman v Merchants Mut. Ins. Co.,* 87 NY2d 589; *Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304; *Belt Painting Corp. v TIG Ins. Co.,* 100 NY2d 377; *Teichman v Community Hosp. of W. Suffolk,* 87 NY2d 514; *Sanabria v American Home Assur. Co.,* 68 NY2d 866; *United States Fid. & Guar. Co. v Annunziata,* 67 NY2d 229.) II. Plaintiff's loss is excluded from coverage by the settling and cracking exclusion in the policy. *(Holy Angels Academy v Hartford Ins. Group,* 127 Misc 2d 1024; *242-44 E. 77th St., LLC v Greater N.Y. Mut. Ins. Co.,* 31 AD3d 100; *New York Univ. v Continental Ins. Co.,* 87 NY2d 308; *Preserver Ins. Co. v Ryba,* 10 NY3d 635; *Matter of Worcester Ins. Co. v Bettenhauser,* 95 NY2d 185; *Topliffe v US Art Co., Inc.,* 40 AD3d 967.) III. Plaintiff's loss is excluded from coverage under the defective construction exclusion in the policy. *(Matter of Couch v Perales,* 78 NY2d 595; *Telaro v Telaro,* 25 NY2d 433; *242-44 E. 77th St., LLC v Greater N.Y. Mut. Ins. Co.,* 31 AD3d 100.)

*Kushnick & Associates, P.C.,* Melville *(Lawrence A. Kushnick, Vincent T. Pallaci* and *Craig H. Handler* of counsel), for respondent. I. The earth movement exclusion does not apply because the damage was not the result of natural earth movement. *(RJC Realty Holding Corp. v Republic Franklin Ins. Co.,* 2 NY3d 158; *Belt Painting Corp. v TIG Ins. Co.,* 100 NY2d 377; *Ruge v Utica First Ins. Co.,* 32 AD3d 424; *Natural Stone Indus., Inc. v Utica Natl. Assur. Co.,* 29 AD3d 758; *Edwards v Allstate Ins. Co.,* 16 AD3d 368; *242-44 E. 77th St., LLC v Greater N.Y. Mut. Ins. Co.,* 31 AD3d 100; *Cali v Merrimack Mut. Fire Ins. Co.,* 43 AD3d 415; *Sheehan v State Farm Fire & Cas. Co.,* 239 AD2d 486; *Kula v State Farm Fire & Cas. Co.,* 212 AD2d 16, 87 NY2d 953;

*Wyatt v Northwestern Mut. Ins. Co. of Seattle,* 304 F Supp 781.) II. In accordance with the ejusdem generis doctrine, the earth movement exclusion only applies to natural earth movement, not to the removal of earth by unnatural means. (*Holy Angels Academy v Hartford Ins. Group,* 127 Misc 2d 1024; *242-44 E. 77th St., LLC v Greater N.Y. Mut. Ins. Co.,* 31 AD3d 100.) III. State Farm Fire & Casualty Company cannot establish that the earth movement exclusion applies. (*White v Continental Cas. Co.,* 9 NY3d 264; *Matter of New York Cent. Mut. Fire Ins. Co. v Ward,* 38 AD3d 898; *Penna v Federal Ins. Co.,* 28 AD3d 731; *Tomco Painting & Contr., Inc. v Transcontinental Ins. Co.,* 21 AD3d 950; *Bassuk Bros. v Utica First Ins. Co.,* 1 AD3d 470; *Marshall v Tower Ins. Co. of N.Y.,* 44 AD3d 1014; *City of New York v Evanston Ins. Co.,* 39 AD3d 153; *242-44 E. 77th St., LLC v Greater N.Y. Mut. Ins. Co.,* 31 AD3d 100; *Villanueva v Preferred Mut. Ins. Co.,* 48 AD3d 1015.) IV. The settling and cracking exclusion does not apply. (*Adames v Nationwide Mut. Fire Ins. Co.,* 55 AD3d 513; *City of Kingston v Harco Natl. Ins. Co.,* 46 AD3d 1320; *Maroney v New York Cent. Mut. Fire Ins. Co.,* 10 AD3d 778; *Benjamin Shapiro Realty Co. v Agricultural Ins. Co.,* 287 AD2d 389; *North Am. Foreign Trading Corp. v Mitsui Sumitomo Ins. USA, Inc.,* 499 F Supp 2d 361; *TIG Ins. Co. v Town of Cheektowaga,* 142 F Supp 2d 343; *Holy Angels Academy v Hartford Ins. Group,* 127 Misc 2d 1024; *242-44 E. 77th St., LLC v Greater N.Y. Mut. Ins. Co.,* 31 AD3d 100; *Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304; *Matter of Mostow v State Farm Ins. Cos.,* 88 NY2d 321.) V. The defective construction exclusion is not applicable. (*Quain v Buzzetta Constr. Corp.,* 69 NY2d 376; *Bingham v New York City Tr. Auth.,* 99 NY2d 355; *Adames v Nationwide Mut. Fire Ins. Co.,* 55 AD3d 513; *City of Kingston v Harco Natl. Ins. Co.,* 46 AD3d 1320; *Maroney v New York Cent. Mut. Fire Ins. Co.,* 10 AD3d 778; *Benjamin Shapiro Realty Co. v Agricultural Ins. Co.,* 287 AD2d 389; *Penna v Federal Ins. Co.,* 28 AD3d 731; *Tomco Painting & Contr., Inc. v Transcontinental Ins. Co.,* 21 AD3d 950; *Bassuk Bros. v Utica First Ins. Co.,* 1 AD3d 470; *242-44 E. 77th St., LLC v Greater N.Y. Mut. Ins. Co.,* 31 AD3d 100.)

*LHB Pacific Law Partners, LLP,* Emeryville, California (*Clarke B. Holland* and *Lisa L. Kirk* of counsel), and *Pastel & Rosen, LLP,* Albany (*Robert S. Pastel* of counsel), for New York Insurance Association, Inc., and others, amici curiae. I. Plaintiff's loss is excluded from coverage under the earth movement exclusion in the policy. (*Kula v State Farm Fire & Cas. Co.,* 212 AD2d 16; *Tuepker v State Farm Fire & Cas. Co.,* 507 F3d 346; *Alamia*

*v Nationwide Mut. Fire Ins. Co.,* 495 F Supp 2d 362; *Leonard v Nationwide Mut. Ins. Co.,* 499 F3d 419; *TNT Speed & Sport Ctr., Inc. v American States Ins. Co.,* 114 F3d 731; *Schroeder v State Farm Fire & Cas. Co.,* 770 F Supp 558; *Sheehan v State Farm Fire & Cas. Co.,* 239 AD2d 486; *Casey v General Acc. Ins. Co.,* 178 AD2d 1001; *Cali v Merrimack Mut. Fire Ins. Co.,* 43 AD3d 415.) II. Plaintiff's loss is excluded from coverage under the defective construction exclusion in the policy. (*242-44 E. 77th St., LLC v Greater N.Y. Mut. Ins. Co.,* 31 AD3d 100.) III. Plaintiff's loss is excluded from coverage under the settling and cracking exclusion in the policy.

### OPINION OF THE COURT

SMITH, J.

Plaintiff seeks recovery under an insurance policy for damage to its building that resulted from an excavation on an adjacent lot. We hold that policy exclusions for "earth movement" and "settling [or] cracking" did not unambiguously remove this event from the policy's coverage.

### I

Plaintiff is the owner of a condominium apartment building. After cracks began appearing in the building, a structural engineer was called in. He found a number of cracks, separations and open joints, and concluded that they were caused by work that was in progress on the lot next door. That lot was being excavated, and underpinning had been built to protect the foundation of plaintiff's building. The engineer concluded, and it is undisputed in this case, that the underpinning was flawed, and that as a result earth slid away beneath plaintiff's building, causing damage.

Plaintiff submitted a claim for the damage to defendant State Farm Fire & Casualty Company (defendant), which had insured the building against "accidental direct physical loss." Defendant disclaimed coverage, relying on the "earth movement" exclusion in its policy, which says:

> "We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss;

or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss . . .

"b. earth movement, meaning the sinking, rising, shifting, expanding or contracting of earth, all whether combined with water or not. Earth movement includes but is not limited to earthquake, landslide, erosion, and subsidence but does not include sinkhole collapse.

"But if accidental direct physical loss by fire, explosion other than explosion of a volcano, theft or building glass breakage results, we will pay for that resulting loss."

Plaintiff brought this action to recover for its loss. In litigation, defendant and amici supporting it rely not only on the earth movement exclusion but on several others, of which we think only one requires discussion. That exclusion, the settling or cracking exclusion, says:

"We do not insure for loss either consisting of, or directly and immediately caused by, one or more of the following: . . .

"f. settling, cracking, shrinking, bulging or expansion.

"But if accidental direct physical loss by any of the 'Specified Causes of Loss' or by building glass breakage results, we will pay for that resulting loss."

None of the "Specified Causes of Loss"—a 14-item list, including fire, windstorm and water damage among other things—is present in this case.

On cross motions for summary judgment, Supreme Court ruled in plaintiff's favor on the issue of liability (15 Misc 3d 1127[A], 2007 NY Slip Op 50869[U]). After a stipulation as to the amount of damages, Supreme Court entered judgment for plaintiff. The Appellate Division modified the judgment to add a declaration in plaintiff's favor, and otherwise affirmed (51 AD3d 649 [2008]). We granted leave to appeal (11 NY3d 703 [2008]), and now affirm.

## II

The law governing the interpretation of exclusionary clauses in insurance policies is highly favorable to insureds. We said in *Seaboard Sur. Co. v Gillette Co.* (64 NY2d 304 [1984]):

"[W]henever an insurer wishes to exclude certain coverage from its policy obligations, it must do so in clear and unmistakable language. Any such exclusions or exceptions from policy coverage must be specific and clear in order to be enforced. They are not to be extended by interpretation or implication, but are to be accorded a strict and narrow construction. Indeed, before an insurance company is permitted to avoid policy coverage, it must satisfy the burden which it bears of establishing that the exclusions or exemptions apply in the particular case, and that they are subject to no other reasonable interpretation." (*Id.* at 311 [citations and internal quotation marks omitted]; *see also Cone v Nationwide Mut. Fire Ins. Co.*, 75 NY2d 747, 749 [1989] [exclusions from coverage "construed strictly against the insurer"]; *Breed v Insurance Co. of N. Am.*, 46 NY2d 351, 353 [1978] ["ambiguities in an insurance policy are to be construed against the insurer, particularly when found in an exclusionary clause"].)

We have enforced policy exclusions only where we found them to "have a definite and precise meaning, unattended by danger of misconception . . . and concerning which there is no reasonable basis for a difference of opinion" (*Breed*, 46 NY2d at 355).

This case is a close one, but we cannot say that the event that caused plaintiff's loss was unambiguously excluded from the coverage of this policy.

Defendant's argument is, in substance, that the literal language of the exclusions describes what happened here. The earth movement exclusion applies, defendant says, because the loss was caused by the movement of earth, and specifically by its "sinking" and "shifting" beneath plaintiff's building. And the settling or cracking exclusion applies, in defendant's view, because the loss consisted of cracking that was directly and immediately caused by the settling of the building (which was in turn caused by the excavation). Indeed, plaintiff's own engineer's report says "that the left wing of the building . . . had settled . . . as evidenced by the cracking and lateral displacement of the structure."

Plaintiff argues, however, that a literal reading of the words does not give the meaning that an ordinary reader would assign to these exclusionary clauses. As to the earth movement

exclusion, plaintiff stresses the examples of earth movement given in the policy—"earthquake, landslide, erosion, and subsidence." Plaintiff argues that an excavation—the intentional removal of earth by humans—is a different kind of event from an earthquake and the other examples given; plaintiff suggests that, when specific examples are mentioned, those not mentioned should be understood to be things of the same kind. Indeed, if the drafter of the policy intended to bring excavation—an obvious and common way of moving earth—within the exclusion, why was it not listed as an example while less common events were listed?

Similarly, plaintiff argues that the settling or cracking exclusion would not be thought, by an ordinary reader, to apply to settling or cracking that is the immediate and obvious result of some other event, such as the intentional removal of earth in the vicinity of the building. Read literally, the exclusion would apply, for example, where a refrigerator fell over and cracked a wall, but that can hardly have been the intent of the policy's drafters.

We conclude that both plaintiff's and defendant's readings of the clauses are reasonable. Our precedents require us to adopt the readings that narrow the exclusions, and result in coverage. As to the earth movement exclusion, our holding is also supported by precedent which, though not binding on us, is directly on point. Two Appellate Division cases and one federal district court decision have held that earth movement exclusions using identical language are not applicable to losses caused by excavation (*Lee v State Farm Fire & Cas. Co.*, 32 AD3d 902 [2d Dept 2006]; *Burack v Tower Ins. Co. of N.Y.*, 12 AD3d 167 [1st Dept 2004]; *Wyatt v Northwestern Mut. Ins. Co. of Seattle*, 304 F Supp 781 [D Minn 1969]). The parties have cited no case, and we have found none, applying the earth movement exclusion to intentional earth removal.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, PIGOTT and JONES concur.

Order affirmed, with costs.