■ BENTORIA HOLDINGS, INC., Respondent, v TRAVELERS INDEMNITY COMPANY, Appellant, et al., Defendants. [925 NYS2d 516]—

In an action, inter alia, to recover damages for breach of contract, the defendant Travelers Indemnity Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated September 29, 2010, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it and, in effect, denied an alternate branch of its motion which was to sever the action insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

In April 2008, the defendant Travelers Indemnity Company (hereinafter Travelers) issued a policy of insurance to the plaintiff covering a building owned by the plaintiff at 521 Court Street in Brooklyn. The policy included an earth movement exclusion, pursuant to which loss or damage caused by earth movements such as earthquakes, landslides, and mine subsidence, and by "[e]arth sinking, . . . rising or shifting," "whether naturally occurring or due to man made or other artificial causes," would not be covered under the policy. The plaintiff's building allegedly sustained damage as a result of excavation on an adjacent lot. Travelers disclaimed coverage pursuant to the earth movement exclusion. The plaintiff commenced this action, and named, among others, Travelers as a defendant, alleging, inter alia, that Travelers improperly disclaimed coverage. After joining issue, Travelers moved, among other things, for summary judgment dismissing the complaint or, in the alternative, to sever the action insofar as asserted against it. The Supreme Court denied those branches of Travelers' motion. We affirm.

The Supreme Court properly denied that branch of Travelers' motion which was for summary judgment dismissing the complaint insofar as asserted against it. "Generally, where an insurer wishes to exclude certain coverage from its policy obligations, it must do so in clear and unmistakable language" (*Lee v State Farm Fire & Cas. Co.*, 32 AD3d 902, 903 [2006] [internal quotation marks omitted]; *see Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311 [1984]). "Such exclusions or exceptions from policy coverage must be specific and clear in order to be enforceable, and they are not to be extended by interpretation or implication, but are to be accorded a strict and narrow construction" (*Lee v State Farm Fire & Cas. Co.*, 32 AD3d at 903 [internal quotation marks omitted]). "Thus the insurance company bears the burden of establishing that the exclusions apply in a particular case and that they are subject to no other reasonable interpretation" (*id.* at 903-904 [internal quotation marks omitted]; *see Seaboard Sur. Co. v Gillette Co.*, 64 NY2d at 311). "The burden is a heavy one, and if the language is doubtful or uncertain in its meaning, any ambiguity will be construed in favor of the insured and against the insurer" (*Lee v State Farm Fire & Cas. Co.*, 32 AD3d at 904; *see Pepsico, Inc. v Winterthur Intl. Am. Ins. Co.*, 13 AD3d 599, 600 [2004]).

Here, Travelers failed to establish its prima facie entitlement to judgment as a matter of law by meeting the heavy burden of demonstrating that the earth movement exclusion clearly and unambiguously applied to the loss at issue in this case (*see Pioneer Tower Owners Assn. v State Farm Fire & Cas. Co.*, 12

NY3d 302, 306-307 [2009]; *Lee v State Farm Fire & Cas. Co.*, 32 AD3d at 904). Excavation was not expressly set forth in the exclusion, while other, less common causes of earth movement were (*see Pioneer Tower Owners Assn. v State Farm Fire & Cas. Co.*, 12 NY3d at 308). Travelers failed to establish, prima facie, that the facts of this case, which allegedly involves the excavation of earth from a lot adjacent to the plaintiff's building, fall squarely within the language of the exclusion, which expressly defines earth movement as "[e]arth sinking, . . . rising or shifting" (*see Lee v State Farm Fire & Cas. Co.*, 32 AD3d at 904). Thus, notwithstanding the fact that the exclusion here refers to earth movement caused by "man made" or "artificial" causes, we conclude that Travelers failed to demonstrate, prima facie, that the express terms of the exclusion clearly and unambiguously establish that the loss at issue here was not covered by the policy. Accordingly, the Supreme Court properly denied that branch of Travelers' motion which was for summary judgment dismissing the complaint insofar as asserted against it.

The Supreme Court providently exercised its discretion in denying the alternate branch of Travelers' motion which was to sever the action insofar as asserted against it. "The determination to grant or deny a request for a severance pursuant to CPLR 603 is a matter of judicial discretion which should not be disturbed on appeal absent a showing of prejudice to a substantial right of the party seeking the severance" (*Naylor v Knoll Farms of Suffolk County, Inc.*, 31 AD3d 726, 727 [2006]). Here, there are common factual issues involved in the claims against Travelers and the other defendants, and the interests of judicial economy and consistency will be served by having a single trial (*see Ingoglia v Leshaj*, 1 AD3d 482, 485 [2003]). Additionally, Travelers failed to demonstrate that a single trial would result in prejudice to a substantial right (*see Quiroz v Beitia*, 68 AD3d 957, 960-961 [2009]). Skelos, J.P., Dickerson, Hall and Sgroi, JJ., concur.