[980 NE2d 504, 956 NYS2d 456]

BENTORIA HOLDINGS, INC., Respondent, v TRAVELERS INDEMNITY COMPANY, Appellant, et al., Defendants.

Argued September 6, 2012; decided October 25, 2012

**POINTS OF COUNSEL**

*Lazare Potter & Giacovas LLP,* New York City (*Stephen M. Lazare* and *Yale Glazer* of counsel), for appellant. I. The earth movement exclusion bars coverage for Bentoria Holdings, Inc.'s claim. (*Pioneer Tower Owners Assn. v State Farm Fire & Cas. Co.,* 12 NY3d 302; *Sanabria v American Home Assur. Co.,* 68 NY2d 866; *State of New York v Home Indem. Co.,* 66 NY2d 669; *United States Fid. & Guar. Co. v Annunziata,* 67 NY2d 229; *Commissioners of State Ins. Fund v Insurance Co. of N. Am.,* 80 NY2d 992; *Government Empls. Ins. Co. v Kligler,* 42 NY2d 863; *Bethlehem Steel Co. v Turner Constr. Co.,* 2 NY2d 456; *Broad St., LLC v Gulf Ins. Co.,* 37 AD3d 126; *Red Ball Interior Demolition Corp. v Palmadessa,* 173 F3d 481; *Alamia v Nationwide Mut. Fire Ins. Co.,* 495 F Supp 2d 362.) II. Alternatively, the coverage claims should be severed. (*Kelly v Yannotti,* 4 NY2d 603; *Burlington Ins. Co. v Guma Constr. Corp.,* 66 AD3d 622; *Christensen v Weeks,* 15 AD3d 330; *Emmetsberger v Mitchell,* 7 AD3d 483; *Tilcon N.Y. v Transcontinental Ins. Co.,* 261 AD2d 608; *Krieger v Insurance Co. of N. Am.,* 66 AD2d 1025.)

*John V. Decolater,* Garden City, and *Lerner Arnold & Winston, LLP* (*Jonathan J. Lerner* of counsel), for respondent. I. The Appellate Division properly affirmed the denial of Travelers Indemnity Company's motion for summary judgment and a declaration of no coverage. (*Pioneer Tower Owners Assn. v State Farm Fire & Cas. Co.,* 12 NY3d 302; *White v Continental Cas. Co.,* 9 NY3d 264; *Vigilant Ins. Co. v Bear Stearns Cos., Inc.,* 10 NY3d 170; *Antoine v City of New York,* 56 AD3d 583; *Primavera v Rose & Kiernan,* 248 AD2d 842; *Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304; *Breed v Insurance Co. of N. Am.,* 46 NY2d 351; *Lee v State Farm Fire & Cas. Co.,* 32 AD3d 902; *Pepsico, Inc. v Winterthur Intl. Am. Ins. Co.,* 13 AD3d 599; *Matter of Mostow v State Farm Ins. Cos.,* 88 NY2d 321.) II. The Appellate Division properly affirmed the denial of Travelers Indemnity Company's motion to sever the insurance coverage claims. (*Anderson v Singh,* 305 AD2d 620; *Finning v Niagara Mohawk Power Corp.,* 281 AD2d 844; *Kelly v Yannotti,* 4 NY2d 603; *Collins v Telcoa Intl. Corp.,* 283 AD2d 128.)

*Robinson & Cole LLP*, New York City (*Gerald P. Dwyer, Jr.*, and *Wystan M. Ackerman* of counsel), for American Insurance Association and others, amici curiae. I. This Court should enforce the earth movement exclusion as written. (*Alamia v Nationwide Mut. Fire Ins. Co.*, 495 F Supp 2d 362; *Buckner v Motor Veh. Acc. Indem. Corp.*, 66 NY2d 211; *Barash v Insurance Co. of N. Am.*, 114 Misc 2d 325; *Bailey v Hartford Fire Ins. Co.*, 565 F2d 826; *Holy Angels Academy v Hartford Ins. Group*, 127 Misc 2d 1024; *Kula v State Farm Fire & Cas. Co.*, 212 AD2d 16; *Cali v Merrimack Mut. Fire Ins. Co.*, 43 AD3d 415; *Pioneer Tower Owners Assn. v State Farm Fire & Cas. Co.*, 12 NY3d 302; *Lee v State Farm Fire & Cas. Co.*, 32 AD3d 902; *Brice v State Farm Fire & Cas. Co.*, 761 F Supp 2d 96.) II. Contract certainty is essential to a viable insurance market. (*Gregory v Tennessee Gas Pipeline Co.*, 948 F2d 203; *Transcontinental Ins. Co. v Edwards*, 139 F3d 1185.)

### OPINION OF THE COURT

SMITH, J.

In *Pioneer Tower Owners Assn. v State Farm Fire & Cas. Co.* (12 NY3d 302 [2009]), we held that an "earth movement" exclusion in an insurance policy did not unambiguously apply to excavation. We now confront a policy in which a similar exclusion is expressly made applicable to "man made" movement of earth. We hold that this added language eliminates the ambiguity, and that loss caused by excavation is excluded from the policy.

Travelers Indemnity Company issued to plaintiff an insurance policy covering "direct physical loss of or damage to" a building in Brooklyn. Under the heading "EXCLUSIONS," the policy said:

> "1. We will not pay for loss or damage caused directly or indirectly by any of the following. . . .
>
> "b. Earth Movement . . .
>
> "(4) Earth sinking (other than sinkhole collapse), rising or shifting including soil conditions which cause settling, cracking or other disarrangement of foundations or other parts of realty. Soil conditions include contraction, expansion, freezing, thawing, erosion, improperly compacted soil and the action of water under the ground surface;
>
> "all whether naturally occurring or due to man made or other artificial causes."

The building suffered cracks as a result of an excavation being conducted on the lot next door to it. Plaintiff submitted a claim, which Travelers rejected, relying on the earth movement exclusion. Plaintiff sued for breach of the policy. Supreme Court denied Travelers' motion for summary judgment; the Appellate Division affirmed (*Bentoria Holdings, Inc. v Travelers Indem. Co.*, 84 AD3d 1135 [2d Dept 2011]), but granted leave to appeal to this Court (2011 NY Slip Op 87261[U] [2011]). We now reverse.

*Pioneer* was in most respects virtually identical to this case. The defendant there insured a building against "accidental direct physical loss" (12 NY3d at 305); the building suffered cracks and other damage as a result of an excavation on an adjoining lot. The defendant refused to pay, relying on an earth movement exclusion very similar to the one quoted above, with the distinction that the last words of the earth movement exclusion here—"all whether naturally occurring or due to man made or other artificial causes"—were absent in *Pioneer*.

The plaintiff in *Pioneer* argued that the policy did not clearly exclude "an excavation—the intentional removal of earth by humans" (*id.* at 308). We found that argument to be "reasonable" (*id.*), and therefore held that the earth movement exclusion "did not unambiguously remove" excavation damage from the coverage of the policy (*id.* at 305). But the same argument is not available to plaintiff here. By expressly excluding earth movement "due to man made or other artificial causes," the policy contradicts the idea that "the intentional removal of earth by humans" is not an excluded event. This policy cannot reasonably be read to cover the damage on which plaintiff's claim is based.

Accordingly, the order of the Appellate Division should be reversed, with costs, the motion of Travelers Indemnity Company for summary judgment dismissing the complaint as against it granted, and the certified question answered in the negative.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, PIGOTT and JONES concur.

Order reversed, etc.