■ NEW YORK STATE INSURANCE FUND, Respondent, v EVEREST NATIONAL INSURANCE COMPANY, Appellant, et al., Defendants. [1 NYS3d 809]—

Judgment, Supreme Court, New York County (Richard F. Braun, J.), entered March 18, 2014, inter alia, declaring that the limit of the commercial excess liability policy issued by defendant Everest National Insurance Company to nonparty El

Sol Contracting and Construction Corp. is $2 million, unanimously affirmed, with costs.

The commercial excess liability policy issued by Everest to El Sol unambiguously provided that Everest's obligation was to pay the lesser of the $2 million coverage limit called for under the trade contract between El Sol and nonparty Triborough Bridge and Tunnel Authority or the $10 million limit of the Everest policy. Everest's argument that it is entitled to an offset of the $1 million paid by the primary insurer towards the underlying claim is unsupported in the policy language at issue. Everest contends that it was left to cover a $1 million shortfall, since the trade contract required minimum insurance coverage limits of only $2 million, and the primary insurer paid $1 million. However, the extent of insurance is governed not by the terms of the underlying trade contracts among the insureds but by the policy terms (*see Bovis Lend Lease LMB, Inc. v Great Am. Ins. Co.*, 53 AD3d 140 [1st Dept 2008]). Everest may not read into unambiguous policy language terms that it failed to include in the policy. Moreover, if the disputed policy language were ambiguous, it would be construed against Everest, the drafter of the policy, since Everest offered no extrinsic evidence that supports its interpretation (*see generally Matter of Mostow v State Farm Ins. Cos.*, 88 NY2d 321 [1996]; *QBE Ins. Corp. v Public Serv. Mut. Ins. Co.*, 102 AD3d 442 [1st Dept 2013]). Concur—Tom, J.P., Renwick, Andrias, Richter and Gische, JJ.