# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1283**
**CA 16-01136**
PRESENT: WHALEN, P.J., SMITH, CARNI, DEJOSEPH, AND CURRAN, JJ.

---

RONALD J. PAPA AND THERESA M. PAPA, DOING
BUSINESS AS MUIR LAKE ASSOCIATES,
PLAINTIFFS-RESPONDENTS,

                    V                                    MEMORANDUM AND ORDER

ASSOCIATED INDEMNITY CORPORATION AND D&D
POWER, INC., DEFENDANTS-APPELLANTS.
(ACTION NO. 1.)
------------------------------------------
NATIONAL FIRE ADJUSTMENT CO., INC.,
PLAINTIFF-RESPONDENT,

                    V

D&D POWER, INC., DEFENDANT-APPELLANT.
(ACTION NO. 2.)

---

HURWITZ & FINE, P.C., BUFFALO (STEVEN E. PEIPER OF COUNSEL), FOR
DEFENDANT-APPELLANT ASSOCIATED INDEMNITY CORPORATION.

RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (SEAN W. COSTELLO OF
COUNSEL), FOR DEFENDANT-APPELLANT D&D POWER, INC.

DUKE, HOLZMAN, PHOTIADIS & GRESENS LLP, BUFFALO (ELIZABETH A. KRAENGEL
OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

---

Appeals from an order and judgment (one paper) of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered February 23, 2016. The order and judgment denied the motions of defendant D&D Power, Inc. for summary judgment dismissing the complaints against it, denied the motion of defendant Associated Indemnity Corporation for summary judgment dismissing the complaint against it, and granted the cross motion of plaintiffs Ronald J. Papa and Theresa M. Papa, doing business as Muir Lake Associates for partial summary judgment against defendant Associated Indemnity Corporation.

It is hereby ORDERED that the order and judgment so appealed from is modified on the law by granting the motion of defendant Associated Indemnity Corporation and dismissing the complaint against it, and denying the cross motion, and as modified the order and judgment is affirmed without costs.

Memorandum: Plaintiffs Ronald J. Papa and Theresa M. Papa, doing

business as Muir Lake Associates (Muir Lake), commenced action No. 1 against, inter alia, defendant D&D Power, Inc. (D&D) seeking to recover for water damage they experienced in the basement of their commercial property. Plaintiff National Fire Adjustment Co., Inc. (NFAC), a company that leased space within that commercial property, commenced a separate action against D&D (action No. 2). Muir Lake and NFAC alleged in their complaints that D&D was negligent in its replacement of a utility pole outside of the building, causing an underground conduit leading from the pole to the basement to break. During a heavy rain three weeks later, the broken conduit flooded with groundwater and channeled the water into the basement.

Muir Lake had an all-risk insurance policy with defendant Associated Indemnity Corporation (AIC), which contained an exclusion for water damage caused by "[w]ater under the ground surface pressing on, or flowing or seeping through . . . [f]oundations, walls, floors or paved surfaces . . . [or] [d]oors, windows or other openings." Muir Lake and AIC also executed a water damage endorsement, which reinstated liability for such damages, but limited coverage to $25,000. Following the flooding, AIC issued a check to Muir Lake for $25,000 based on the water damage endorsement. Muir Lake thereafter commenced action No. 1, contending that the damage to their property is not covered by the water damage exclusion and endorsement and, as a result, that they are entitled to full coverage. Muir Lake asserts, inter alia, a cause of action for breach of contract against AIC, and a claim of negligence against D&D. In action No. 2, NFAC asserts a single cause of action for negligence against D&D.

Following discovery, D&D moved for summary judgment dismissing the complaints against it, arguing that the damage to the conduit was the result of long-term corrosion and not the result of its allegedly improper installation of the utility pole. AIC also moved for summary judgment dismissing the complaint against it in action No. 1, arguing that the plain terms of the insurance contract limit Muir Lake's coverage to $25,000, which AIC had already paid. Muir Lake cross-moved for summary judgment on their second cause of action, for AIC's alleged breach of contract, arguing that the ambiguous language of the insurance policy requires AIC to cover their full loss. Supreme Court denied D&D's motions, denied AIC's motion, and granted Muir Lake's cross motion.

We reject D&D's contention that the court erred in denying its motions. In support of its motions, D&D tendered the affidavit of an expert metallurgist, who opined that soil conditions and environmental factors caused severe corrosion to the conduit at issue. As a preliminary matter, we note that D&D's expert did not aver that he has any expertise in mechanical engineering, dynamics, or a related field that would qualify him to give an opinion with respect to the effect of mechanical forces operating on the conduit (see *Hileman v Schmitt's Garage*, 58 AD2d 1029, 1029-1030). His opinion with respect to such mechanical forces is therefore of no probative value. In any event, we conclude that the affidavit is too speculative to meet D&D's initial burden on its motions (see generally *Van Ostberg v Crane*, 273 AD2d 895, 896). Notably, the metallurgist did not test the soil

around the conduit, and he did not establish any factual basis for his opinion that road de-icing salt contributed to the corroded condition of the conduit. Thus, D&D failed to establish as a matter of law that only environmental factors were at the root of the damage to the property, and that its own conduct in replacing the utility pole was not a contributing cause thereof (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). Contrary to D&D's further contention, we conclude that it is not entitled to summary judgment on the ground that the damage to the property was unforeseeable as a matter of law (*see generally Di Ponzio v Riordan*, 89 NY2d 578, 583).

We agree with AIC, however, that the court erred in denying its motion and granting Muir Lake's cross motion, and we therefore modify the order and judgment accordingly. It is well-settled that insurance contracts are construed "in light of 'common speech' and the reasonable expectations of a businessperson" (*Belt Painting Corp. v TIG Ins. Co.*, 100 NY2d 377, 383). "[U]nambiguous provisions of an insurance contract must be given their plain and ordinary meaning" (*White v Continental Cas. Co.*, 9 NY3d 264, 267). We conclude that the contract language at issue here is not ambiguous. By its plain terms, the contract limits coverage to $25,000 for damage caused when ground water enters the basement through a gap, hole, or opening in the wall, and the conduit clearly falls within the water damage exclusion and endorsement (*see Commerce Ctr. Partnership v Cincinnati Ins. Co.*, 2006 WL 1236745, *3 [Mich Ct App 2006]).

All concur except WHALEN, P.J., and SMITH, J., who dissent in part and vote to affirm in accordance with the following memorandum: We respectfully dissent in part. We agree with the majority that Supreme Court properly denied the motions of defendant D&D Power, Inc. seeking summary judgment dismissing the complaints against it. Contrary to the majority, however, we conclude that the exclusion on which defendant American Indemnity Corporation (AIC) relies to limit coverage does not apply to the loss of plaintiffs Ronald J. Papa and Theresa M. Papa, doing business as Muir Lake Associates (Muir Lake). In our view, therefore, the court properly denied the motion of AIC seeking summary judgment against Muir Lake and granted Muir Lake's cross motion for partial summary judgment on liability against AIC on its second cause of action for breach of the commercial property insurance policy issued to Muir Lake by AIC. We would therefore affirm the order and judgment.

"Where an insurer relies on an exclusion to avoid coverage, it has the burden of demonstrating 'that the exclusion is stated in clear and unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case' " (*Pichel v Dryden Mut. Ins. Co.*, 117 AD3d 1267, 1268, quoting *Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 652). AIC failed to meet that burden with respect to the exclusion for water damage caused by "[w]ater under the ground surface pressing on, or flowing or seeping through . . . [f]oundations, walls, floors or paved surfaces . . . [or] [d]oors, windows or other openings." Giving the language of the exclusion "the meaning that an ordinary reader would assign to [it]" (*Pioneer Tower Owners Assn. v State Farm Fire & Cas. Co.*, 12 NY3d 302,

307), we conclude that the loss, which is undisputedly the result of water entering the premises through a broken electrical conduit, was not within the exclusion for damage caused by water pressing on, or flowing or seeping through foundations, walls, floors or paved surfaces.

With respect to the exclusion for damage caused by water flowing through "[d]oors, windows or other openings," we agree with Muir Lake that the electrical conduit does not unambiguously constitute an "other opening."  Under ejusdem generis, a rule of construction applicable to, inter alia, exclusions like the one at issue here, "the meaning of a word in a series of words is determined 'by the company it keeps' " (*242-44 E. 77th St., LLC v Greater N.Y. Mut. Ins. Co.*, 31 AD3d 100, 103-104, quoting *People v Ilardo*, 48 NY2d 408, 416; *see Lend Lease [US] Constr. LMB Inc. v Zurich Am. Ins. Co.*, 136 AD3d 52, 57). Pursuant to that rule, "a series of specific words describing things or concepts of a particular sort are used to explain the meaning of a general one in the same series" (*Matter of Riefberg*, 58 NY2d 134, 141).  Application of the rule of ejusdem generis here leads to the conclusion that "other openings" should be construed as openings that are akin to doors and windows, such as a portal or a vent, not a broken electrical conduit.  Inasmuch as "other openings" is undefined and ambiguous, and Muir Lake's interpretation of that term is not unreasonable, we are bound to adopt Muir Lake's interpretation, inasmuch as that interpretation narrows the exclusion and results in coverage (*see Pioneer Tower Owners Assn.*, 12 NY3d at 308).

Entered:  February 10, 2017                    Frances E. Cafarell
                                               Clerk of the Court