Whalen, P.J., and Smith, J.
(dissenting). We respectfully dissent in part. We agree with the majority that Supreme Court properly denied the motions of defendant D&D Power, Inc. seeking summary judgment dismissing the complaints against it. Contrary to the majority, however, we conclude that the exclusion on which defendant American Indemnity Corporation (AIC) relies to limit coverage does not apply to the loss of plaintiffs Ronald J. Papa and Theresa M. Papa, doing business as Muir Lake Associates (Muir Lake). In our view, therefore, the court properly denied the motion of AIC seeking summary judgment against Muir Lake and granted Muir Lake’s cross motion for partial summary judgment on liability against AIC on its second cause of action for breach of the commercial property insurance policy issued to Muir Lake by AIC. We would therefore affirm the order and judgment.
“Where an insurer relies on an exclusion to avoid coverage, it has the burden of demonstrating ‘that the exclusion is stated in clear and unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case’ ” (Pichel v Dryden Mut. Ins. Co., 117 AD3d 1267, 1268 [2014], quoting Continental Cas. Co. v Rapid-American Corp., 80 NY2d 640, 652 [1993]). AIC failed to meet that burden with respect to the exclusion for water damage caused by “[w]ater under the ground surface pressing on, or flowing or seeping through . . . [foundations, walls, floors or paved surfaces . . . [or] [d]oors, windows or other openings.” Giving the language of the exclusion “the meaning that an ordinary reader would assign to [it]” (Pioneer Tower Owners Assn. v State Farm Fire & Cas. Co., 12 NY3d 302, 307 [2009]), we conclude that the loss, which is undisputedly the result of water entering the premises through a broken electrical conduit, was not within the exclusion for damage caused by water pressing on, or flowing or seeping through foundations, walls, floors or paved surfaces.
With respect to the exclusion for damage caused by water flowing through “[d]oors, windows or other openings,” we agree with Muir Lake that the electrical conduit does not unambiguously constitute an “other opening.” Under ejusdem generis, a rule of construction applicable to, inter alia, exclusions like the one at issue here, “the meaning of a word in a series of words is determined ‘by the company it keeps’ ” (242-44 E. 77th St., LLC v Greater N.Y. Mut. Ins. Co., 31 AD3d 100, 103-104 [2006], quoting People v Illardo, 48 NY2d 408, 416 [1979]; see Lend Lease [US] Constr. LMB Inc. v Zurich Am. Ins. Co., 136 AD3d 52, 57 [2015]). Pursuant to that rule, “a series of specific words describing things or concepts of a particular sort are used to *1562 explain the meaning of a general one in the same series” (Matter of Riefberg, 58 NY2d 134, 141 [1983]). Application of the rule of ejusdem generis here leads to the conclusion that “other openings” should be construed as openings that are akin to doors and windows, such as a portal or a vent, not a broken electrical conduit. Inasmuch as “other openings” is undefined and ambiguous, and Muir Lake’s interpretation of that term is not unreasonable, we are bound to adopt Muir Lake’s interpretation, inasmuch as that interpretation narrows the exclusion and results in coverage (see Pioneer Tower Owners Assn., 12 NY3d at 308).
Present — Whalen, P.J., Smith, Carni, DeJoseph and Curran, JJ.