3502 Partners LLC v Great Am. Ins. Co. of N.Y. (2022 NY Slip Op 02613)

3502 Partners LLC v Great Am. Ins. Co. of N.Y.

2022 NY Slip Op 02613

Decided on April 21, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 21, 2022

Before: Renwick, J.P., Kapnick, Mazzarelli, Shulman, Pitt, JJ. 

Index No. 651327/21 Appeal No. 15756 Case No. 2021-03449 

[*1]3502 Partners LLC, Plaintiff-Appellant,
v
Great American Insurance Company of New York, Defendant-Respondent.

Weg & Myers, P.C., Rye Brook (Joshua L. Mallin of counsel), for appellant.
Mound Cotton Wollan & Greengrass LLP, New York (Kevin F. Buckley of counsel), for respondent.

Order, Supreme Court, New York County (Arthur Engoron, J.), entered on or about September 17, 2021, which granted defendant's motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint, unanimously affirmed, without costs.
The documentary evidence conclusively establishes a defense to plaintiff's claims (CPLR 3211[a][1]; Leon v Martinez, 84 NY2d 83, 87—88 [1994]). The complaint alleges that plaintiff's property sustained damage "as a direct result of the excavation work at the [a]djacent [l]ot." The insurance policy issued by defendant contains an exclusion from coverage for "earth movement," e.g., "earth sinking (other than sinkhole collapse), rising or shifting including soil conditions which cause settling, cracking or other disarrangement of foundations or other parts of realty," and states that the exclusion applies "regardless of whether [the earth movement] is caused by an act of nature, man-made or is otherwise caused." Taken as true, the allegations in the complaint place the damage to plaintiff's property within the earth movement exclusion (see Bentoria Holdings, Inc. v Travelers Indem. Co., 20 NY3d 65, 68 [2012]).
Contrary to plaintiff's contention, the complaint did not have to use the words, "earth movement," for the exclusion to apply, given that an excavation is "the intentional removal of earth by humans" (see id.). Nor does the allegation that the damage to its property resulted from "the vibrations caused by the construction work," made for the first time in an affidavit in opposition to defendants' motion, avail plaintiff, as no separate damage has been alleged (see Jones v State Farm Fire & Cas. Co., 189 AD3d 1565, 1567 [2d Dept 2020] [insurance company did not dispute that property damage solely caused by vibrations from the backhoe was covered under the policy]).
Even if vibrations caused the damage, the excavation was still a contributing cause of the damage, and the policy states that there will be no coverage for loss or damage caused directly or indirectly by earth movement "regardless of any other cause or event that contributes concurrently or in any sequence to the loss" (see Sheehan v State Farm Fire & Cas. Co., 239 AD2d 486, 487 [2d Dept 1997]; Kula v State Farm Fire & Cas. Co., 212 AD2d 16 [4th Dept 1995], lv dismissed in part and denied in part 87 NY2d 953 [1996]).
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 21, 2022