Hudson Excess Ins. Co. v Certain Underwriters at Lloyd's London Subscribing to Policy No. LCC-000058 (2024 NY Slip Op 01510)

Hudson Excess Ins. Co. v Certain Underwriters at Lloyd's London Subscribing to Policy No. LCC-000058

2024 NY Slip Op 01510

Decided on March 19, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2024

Before: Kern, J.P., Moulton, Gesmer, Mendez, Michael, JJ. 

Index No. 656604/22 Appeal No. 1886 Case No. 2023-00358 

[*1]Hudson Excess Insurance Company, Respondent,
v
Certain Underwriters at Lloyd's London Subscribing to Policy No. LCC-000058, Appellant.

Milber Makris Plousadis & Seiden, LLP, Woodbury (Sarah M. Ziolkowski of counsel), for appellant.
Melito & Adolfsen P.C., New York (Michael F. Panayotou of counsel), for respondent.

Order and judgment (one paper), Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about January 6, 2023, which granted plaintiff Hudson Excess Insurance Company's motion for summary judgment declaring that its policy was excess over a policy issued by defendant Certain Underwriters at Lloyd's London in an underlying personal injury action, and denied Lloyd's cross-motion for summary judgment, unanimously reversed, on the law, without costs, the declaration vacated, Hudson's motion denied, Lloyd's cross-motion granted, and it is declared that the Lloyd's policy was excess to the Hudson policy with respect to additional insured coverage in the underlying action.
Although priority of coverage is controlled by the relevant policy terms, not by the terms of the underlying trade contract, a court may look to the terms of a trade subcontract to determine priority of coverage if the insurance policy itself expressly provides that the terms of the subcontract will determine whether the additional insured coverage afforded was primary or excess (see Bovis Lend Lease LMB, Inc. v Great Am. Ins. Co., 53 AD3d 140, 145 [1st Dept 2008], citing Pecker Iron Works of N.Y. v Traveler's Ins. Co., 99 NY2d 391, 393 [2003]).
Here, the Excess Liability Primary and Non—Contributory Coverage endorsement of the Hudson policy, which concerns the insurance afforded by the Hudson policy for the benefit of an additional insured, provides that such insurance "shall be primary to, and on a non-contributory basis with, any other excess insurance available to such Additional Insured, provided that you are specifically required by a written contract to provide such insurance," and the endorsement specifically references the trade subcontract: "Coverage shall be limited to the extent required by the written contract." The trade subcontract here provides that the insurance afforded to the additional insureds, "whether issued on a primary or umbrella/excess basis," "shall be primary to, and non-contributory with, any other insurance on which the Additional Insured is a named insured, whether such other insurance is primary, excess, self-insurance, or insurance on any other basis."
This broad language, to which the Hudson policy refers, renders the coverage provided by the Hudson policy to additional insureds primary and noncontributory of any excess insurance coverage, whether provided by the Lloyd's primary policy or a true excess policy. Even if the phrase "excess insurance," as opposed to "excess policy," is vague, the endorsement language should be construed against the drafter, Hudson, as
Hudson provides "no extrinsic evidence that supports its interpretation" (New York State Ins. Fund v Everest Natl. Ins. Co., 125 AD3d 536, 537 [1st Dept 2015]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2024