ZZZ Carpentry, Inc. v Mt. Hawley Ins. Co. (2024 NY Slip Op 01693)

ZZZ Carpentry, Inc. v Mt. Hawley Ins. Co.

2024 NY Slip Op 01693

Decided on March 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2024

Before: Webber, J.P., Kern, Kennedy, Higgitt, Michael, JJ. 

Index No. 654772/16 Appeal No. 1915 Case No. 2020-02636 

[*1]ZZZ Carpentry, Inc. et al., Respondents,
v
Mt. Hawley Insurance Company, etc., Appellant.

Delahunt Law PLLC, Buffalo (Timothy E. Delahunt of counsel), for appellant.

Order and judgment (one paper), Supreme Court, New York County (Melissa A. Crane, J.), entered May 27, 2020, which denied defendant Mt. Hawley Insurance Company's motion for summary judgment to rescind the insurance policy issued to plaintiff ZZZ Carpentry Inc. and declaring that it had no duty to defend or indemnify ZZZ and Brian Harris in the underlying action, and granted ZZZ and Harris' motion for summary judgment declaring that Mt. Hawley must defend and indemnify them in the underlying action, unanimously affirmed, with costs.
The court properly denied Mt. Hawley's motion for summary judgment seeking rescission of the policy and properly declared that Mt. Hawley must defend and indemnify ZZZ and Harris in the underlying action. Mt. Hawley waived its right to rescind the policy after it unreasonably delayed asserting a claim for recission (see United States Life Ins. Co. in the City of N.Y. v Blumenfeld, 92 AD3d 487, 488 [1st Dept 2012]). It initially disclaimed coverage on June 28, 2016 and did not make its rescission counterclaim until November 4, 2016, which was 129 days later. In light of the waiver, the merits of the rescission argument need not be addressed.
Moreover, Mt. Hawley was not entitled to disclaim coverage based on the policy's classification limitation and designated ongoing operations exclusion. The Mt. Hawley policy classified ZZZ as a "General [C]ontractor — Interior," and the classification limitation limited coverage under the policy to ZZZ's "Operations as an Interior Renovations General Contractor hired by the Owner." The designated ongoing operations exclusion provided that "[t]his insurance does not apply to 'bodily injury' or 'property damage' arising out of the ongoing operations described in the [s]chedule of this endorsement, regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted for yourself or for others." The endorsement's schedule stated, "[a]ll exterior work or exterior work projects above ground floor whether by you or by others."
Insurance policies are to be afforded their plain and ordinary meaning and interpreted in accordance with the reasonable expectations of the insured party (see Oppenheimer AMT-Free Muns. v ACA Fin. Guar. Corp., 110 AD3d 280, 284 [1st Dept 2013]). A coverage limitation or a coverage exclusion must be clear with no other reasonable interpretation (see Pioneer Towers Owners Assn. v State Farm Fire & Cas. Co., 12 NY3d 302, 307 [2009]; Consolidated Edison Co. of N.Y. v Hartford Ins. Co., 203 AD2d 83, 84 [1st Dept 1994]).
In this case, there was another reasonable interpretation for the policy other than the one provided by Mt. Hawley. Mt. Hawley argues that the limitation and exclusion language in the policy should be interpreted to mean that there is no coverage under the policy if any exterior work is performed on the job. However, another reasonable interpretation of the policy is that there would still be coverage [*2]for bodily injury arising out of interior work but no coverage would be provided for bodily injury only arising out of exterior work. Since both interpretations are reasonable, coverage must be provided for interior work (see Consolidated Edison Co. of N.Y., 203 AD2d at 84). As there is no dispute that the incident in this case arose out of interior work, Mt. Hawley is required to defend and indemnify ZZZ and Harris in the underlying action.
At a minimum, the above provisions are ambiguous, and the language must be construed in favor of the insured and against the drafter, Mt. Hawley, as Mt. Hawley "provides no extrinsic evidence that supports its interpretation" (New York State Ins. Fund v Everest Natl. Ins. Co., 125 AD3d 536, 537 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 26, 2024