■ NAROB DEVELOPMENT CORP. et al., Respondents, v INSURANCE COMPANY OF NORTH AMERICA, Appellant. [631 NYS2d 155] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered May 26, 1994, after jury trial, in favor of plaintiffs in the sum of $187,695, with interest from April 4, 1992, unanimously reversed, on the law, and the complaint dismissed, without costs.

The policy exclusion at issue barred recovery by plaintiffs, and the trial court erred in denying defendant a directed verdict. After finding that the evidence presented at trial established that the retaining wall collapsed due to plaintiffs' defective workmanship and that the first sentence of "Exclusion 9" of the insurance policy barred recovery by plaintiffs, the trial court misinterpreted the second sentence, which provides an exception to the exclusion and reads as follows: "Workmanship or Materials We won't cover any loss caused by or resulting from error, omission or deficiency in workmanship or materials as respects the cost of making good such error, omission or deficiency. However, we will cover *resulting* physical *loss caused by or to* the Covered Property." (Emphasis added.)

Where a property insurance policy contains an exclusion with an exception for ensuing loss, courts have sought to assure that the exception does not supersede the exclusion by disallowing coverage for ensuing loss directly related to the original excluded risk (*see, Aetna Cas. & Sur. Co. v Yates*, 344 F2d 939; *80 Broad St. Co. v United States Fire Ins. Co.*, 88 Misc 2d 706, 707, *affd* 54 AD2d 888; *Acme Galvanizing Co. v Fireman's Fund Ins. Co.*, 221 Cal App 3d 170, 270 Cal Rptr 405). Here, inasmuch as there was no collateral or subsequent damage or loss as a result of the collapse of the free-standing retaining wall, the exception should not have been at issue. Concur—Murphy, P. J., Wallach, Ross, Nardelli and Williams, JJ.