██ FRANCIS TRUPO et al., Respondents-Appellants, v PREFERRED MUTUAL INSURANCE COMPANY, Appellant-Respondent. [872 NYS2d 786]—

Appeal and cross appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered January 7, 2008 in a breach of contract action. The order denied defendant's motion for summary judgment and granted in part and denied in part plaintiffs' cross motion for summary judgment.

It is hereby ordered that the order so appealed from is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking a determination that defendant is obligated to provide coverage for damage to their home and personal property pursuant to the terms of the insurance policy issued by defendant to them. Plaintiffs' home was allegedly damaged when approximately 75 gallons of a chemical mixture were released into the atmosphere from a nearby plant operated by the former Diaz Chemical Corporation. Supreme Court denied defendant's motion for summary judgment dismissing the complaint and granted in part plaintiffs' cross motion for summary judgment, determining that the insurance policy in question covers damages caused by or arising from the explosion. The court denied that part of plaintiffs' cross motion for damages in the amount of approximately $144,000, and instead ordered that a hearing on damages would be conducted. We affirm.

The policy issued by defendant provided coverage for "direct physical loss" caused by certain perils, including explosion. We agree with plaintiffs that the incident at the chemical plant constitutes an explosion under the policy and that the alleged contamination of their home was caused by that explosion. We

further agree with plaintiffs that the exclusion relied upon by defendant, entitled "Wear and Tear," does not apply to this case. Pursuant to that exclusion, defendant would "not pay for loss which results from wear and tear, marring, deterioration, inherent vice, latent defect, mechanical breakdown, rust, wet or dry rot, corrosion, mold, *contamination* or smog" (emphasis added). We reject defendant's contention that, because the damage to plaintiffs' home arises out of pollution or contamination, the exclusion for "Wear and Tear" applies. Rather, we conclude that the exclusion in question is ambiguous and thus should be construed in favor of plaintiffs, the insureds (*see generally White v Continental Cas. Co.*, 9 NY3d 264, 267 [2007]; *Belt Painting Corp. v TIG Ins. Co.*, 100 NY2d 377, 383 [2003]). The title "Wear and Tear" would lead an average person to believe that the exclusion for "contamination" therein included only contamination that occurred over time, rather than a sudden occurrence such as the incident here. We have considered defendant's remaining contentions and conclude that they are without merit.

Contrary to the contention of plaintiffs on their cross appeal, the court properly denied that part of their cross motion for summary judgment on damages inasmuch as there are triable issues of fact with respect thereto (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

All concur except Scudder, P.J., and Pine, J., who dissent in part and vote to modify in accordance with the following memorandum

Scudder, P.J., and Pine, J. (dissenting in part). We respectfully dissent in part. Although we agree with the majority that the incident at the chemical plant constituted an explosion under the insurance policy issued by defendant to plaintiffs and that the alleged contamination of plaintiffs' home was caused by that explosion, we disagree with the majority that the policy exclusion relied upon by defendant does not apply to preclude plaintiffs' recovery under the policy. That exclusion is entitled "Wear and Tear," and it provides that defendant will "not pay for loss which results from wear and tear, marring, deterioration, inherent vice, latent defect, mechanical breakdown, rust, wet or dry rot, corrosion, mold, *contamination* or smog" (emphasis added). We cannot agree with the majority that the exclusion in question is ambiguous. Plaintiffs suffered a loss from contamination, and the policy specifically excludes loss resulting from contamination. "[U]nambiguous provisions of an insurance contract must be given their plain and ordinary meaning" (*White v Continental Cas. Co.*, 9 NY3d 264, 267 [2007]; *see*

*Kula v State Farm Fire & Cas. Co.*, 212 AD2d 16, 19 [1995], *lv dismissed in part and denied in part* 87 NY2d 953 [1996]).

The majority focuses on the title of the paragraph containing the exclusion in question and concludes that it would lead an average person to believe that the exclusion for contamination was only for contamination that occurred over time. We disagree. Rather, we apply the principle of statutory construction that titles are given little weight. "The title of a statute may be resorted to . . . only in case of ambiguity in meaning, and it may not alter or limit the effect of unambiguous language in the body of the statute itself" (McKinney's Cons Laws of NY, Book 1, Statutes § 123 [a]). Inasmuch as the language in the exclusion in question is unambiguous and does not limit the exclusion to contamination that occurs over time, we decline to add such limiting language. We therefore would modify the order by granting defendant's motion for summary judgment and dismissing the complaint and by denying plaintiffs' cross motion for summary judgment in its entirety and vacating the determination in favor of plaintiffs with respect to coverage under the insurance policy. Present—Scudder, P.J., Centra, Green, Pine and Gorski, JJ.