■ RICHARD GRAVINO, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant. [902 NYS2d 725]—

Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Donna M. Siwek, J.), entered August 18, 2009 in a breach of contract action. The order and judgment denied defendant's motion for summary judgment and granted plaintiff's cross motion for partial summary judgment.

It is hereby ordered that the order and judgment so appealed from is unanimously reversed on the law without costs, the motion is granted, the complaint is dismissed, the cross motion is denied and the declaration is vacated.

Memorandum: Plaintiff commenced this action against his insurer seeking coverage for damage to an in-ground swimming pool pursuant to the terms of his homeowners' insurance policy. Plaintiff had drained the pool in June in order to paint it, but the painting was delayed due to rain. On the fifth day after draining the pool, plaintiff noticed that one end of the pool had lifted out of the ground and that the concrete around the pool had been damaged. Defendant disclaimed coverage for the loss based on, inter alia, a provision in the policy excluding damage to a swimming pool caused by "pressure or weight of water."

We conclude that Supreme Court erred in granting plaintiff's cross motion for partial summary judgment "declaring" that the policy covered the damage to the swimming pool. Indeed, we vacate the declaration inasmuch as this is an action for breach of contract and is not a declaratory judgment action (*see Niagara Falls Water Bd. v City of Niagara Falls*, 64 AD3d 1142, 1144 [2009]). We conclude that the court instead should have granted defendant's motion for summary judgment dismissing the complaint. Defendant met its initial burden on its motion by establishing as a matter of law that the exclusion for damages caused by "pressure or weight of water" upon which defendant relied unambiguously applied to plaintiff's loss, and plaintiff failed to raise a triable issue of fact in opposition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The experts for each party agreed that the pool had lifted from the ground because of the hydrostatic pressure in the soil surrounding the pool. The fact that plaintiff's expert stated in his affidavit that the damage would not have occurred if plaintiff had not emptied the pool does not remove the loss from the policy exclusion. The policy expressly provides that, where the damage has two or more causes, the loss is not covered if the "predominant cause(s) of loss is (are) excluded" under the policy. Here, "[t]o determine causation, [we must] look[ ] to the 'efficient or dominant cause of the loss', not the event that 'merely set the stage for that later event' " (*Kosich v Metropolitan Prop. & Cas. Ins. Co.*, 214 AD2d 992 [1995], *lv denied* 86 NY2d 707 [1995]). Here, although the drainage of the pool may have been a precondition to the lifting of the pool from the ground, we conclude that defendant established as a matter of law that the groundwater pressure was the "predominant cause" of the loss, thus rendering applicable the policy

exclusion for damages caused by "pressure or weight of water" (*see Jahier v Liberty Mut. Group*, 64 AD3d 683, 685 [2009]). Present—Scudder, P.J., Smith, Peradotto, Lindley and Sconiers, JJ.