# SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

65
CA 11-01757
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND GORSKI, JJ.

---

ABDULLA ALGHEIN, PLAINTIFF-APPELLANT,

V                                               MEMORANDUM AND ORDER

UTICA FIRST INSURANCE COMPANY,
DEFENDANT-RESPONDENT.

---

GUSTAVE J. DETRAGLIA, JR., UTICA (MICHELLE E. DETRAGLIA OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

FARBER BROCKS & ZANE L.L.P., MINEOLA (SHERRI N. PAVLOFF OF COUNSEL),
FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Oneida County (Bernadette T. Clark, J.), entered December 3, 2010 in a breach of contract action. The order, insofar as appealed from, granted the motion of defendant for summary judgment and dismissed the complaint.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, defendant's motion is denied and the complaint is reinstated.

Memorandum: Plaintiff commenced this breach of contract action, alleging that defendant breached its insurance contract with plaintiff by failing to provide coverage for losses from a fire at plaintiff's place of business. Defendant moved for summary judgment dismissing the complaint, and plaintiff cross-moved for summary judgment and an inquest on damages. Supreme Court granted the motion and denied the cross motion, but on appeal plaintiff contends only that the court erred in granting the motion and does not contend that his cross motion should have been granted. We agree with plaintiff that the court erred in granting defendant's motion.

In order to meet its initial burden on the motion, defendant was required to "establish[ ] as a matter of law that the exclusion . . . upon which defendant relied unambiguously applied to plaintiff's loss" (*Gravino v Allstate Ins. Co.*, 73 AD3d 1447, 1448, *lv denied* 15 NY3d 705). Here, although defendant relied upon an exclusion that permitted it to deny coverage in the event that plaintiff failed to maintain a central station fire alarm, defendant failed to submit evidence establishing that plaintiff did not have such an alarm at the time of the loss. Defendant's contention that the deposition testimony of plaintiff established that there was no such alarm is without merit, inasmuch as plaintiff was not questioned with respect

to the existence of such an alarm, nor did he otherwise testify about one.  We thus conclude that defendant failed to meet its initial burden of establishing its entitlement to judgment as a matter of law (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  "Failure [of the moving party] to make [a] prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).

In light of our determination, we need not address plaintiff's remaining contentions.

Entered:  January 31, 2012                       Frances E. Cafarell
                                                 Clerk of the Court