# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

698

CA 11-01716

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, SCONIERS, AND MARTOCHE, JJ.

---

FREDERICK J. PLATEK AND MARY E. PLATEK,
PLAINTIFFS-RESPONDENTS,

V                                                MEMORANDUM AND ORDER

TOWN OF HAMBURG, ET AL., DEFENDANTS,
AND ALLSTATE INDEMNITY COMPANY,
DEFENDANT-APPELLANT.

---

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (ALAN J. DEPETERS OF
COUNSEL), FOR DEFENDANT-APPELLANT.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (PATRICK J. MACKEY OF
COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Ralph A. Boniello, III, J.), entered May 12, 2011 in a breach of contract action. The order granted the motion of plaintiffs for summary judgment, declared that plaintiffs' loss is covered by the subject insurance policy, directed defendant Allstate Indemnity Company to pay plaintiffs' claim and denied the cross motion of defendant Allstate Indemnity Company for summary judgment.

It is hereby ORDERED that the order so appealed from is modified on the law by vacating the declaration and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action for, inter alia, breach of contract, alleging that defendant Allstate Indemnity Company (Allstate) breached its insurance contract with plaintiffs by failing to provide coverage for water damage to the basement of their home after an abutting water main ruptured and water flooded their property. Allstate disclaimed coverage pursuant to an exclusion in the insurance policy, denominated "item 4," which states that Allstate does not cover losses caused by "[w]ater . . . on or below the surface of the ground, regardless of its source . . . [,] includ[ing] water . . . which exerts pressure on, or flows, seeps or leaks through any part of the residence premises." Plaintiffs moved for summary judgment, seeking a declaration that the insurance policy covered their claimed loss and directing Allstate to pay their claim. Plaintiffs relied upon a provision in the insurance policy setting forth an exception to the exclusion relied upon by Allstate, which provides that Allstate covers "sudden and accidental direct physical loss caused by fire, explosion or theft resulting from item[] . . . 4

. . . ." Plaintiffs averred that the exception applies because their claimed loss was caused by an "explosion" of the water main. Allstate cross-moved for summary judgment dismissing the complaint against it on the ground that the insurance policy does not cover plaintiffs' loss.

Supreme Court granted the motion and denied the cross motion, declaring that plaintiffs' loss is covered under the insurance policy and directing Allstate to pay plaintiffs' claim in accordance with the policy provisions. Although we conclude that the court properly granted summary judgment to plaintiffs on the issue of liability, we further conclude that the court erred in "declaring" that plaintiffs' claimed loss is covered under the policy, inasmuch as the action against Allstate is for breach of contract and not a declaratory judgment (see Gravino v Allstate Ins. Co., 73 AD3d 1447, 1448, lv denied 15 NY3d 705). We therefore modify the order by vacating the declaration.

The parties disagree with respect to whether the exception to item 4 under the policy exclusions applies, and they offer conflicting interpretations of that exception. Allstate characterizes the exception as an "ensuing loss" provision, and it thus interprets the exception to provide that any initial loss to the insured's property caused by the conditions set forth in item 4, i.e., "[w]ater . . . on or below the surface of the ground," is not covered under the policy but that, in the event that there is an "explosion . . . resulting from" that initial loss, any secondary or ensuing loss caused by the explosion is covered. Plaintiffs disagree that there must be a secondary or ensuing loss, and they assert that the exception applies because there was an "explosion [of the water main] resulting from" the conditions set forth in item 4, i.e., "[w]ater . . . below the surface of the ground," and causing "sudden and accidental direct physical loss" to their property.

In our view, both interpretations are "reasonable" (Pioneer Tower Owners Assn. v State Farm Fire & Cas. Co., 12 NY3d 302, 308), and we therefore conclude that the exception "is ambiguous and thus should be construed in favor of plaintiffs, the insureds" (Trupo v Preferred Mut. Ins. Co., 59 AD3d 1044, 1045; see generally White v Continental Cas. Co., 9 NY3d 264, 267; Belt Painting Corp. v TIG Ins. Co., 100 NY2d 377, 383). Contrary to Allstate's contention, the relevant language of the insurance policy does not specify that the exception applies only to a secondary or ensuing loss or that the explosion must result from a loss to the insured's property caused by the conditions set forth in item 4. Rather, the policy states that the exception applies where the loss to the insured's property was "caused by [an] explosion . . . resulting from item[] . . . 4 . . . ."

We further conclude that plaintiffs established their entitlement to summary judgment by demonstrating that the exception at issue applies to their claimed loss (see generally Topor v Erie Ins. Co., 28 AD3d 1199, 1200). The term "explosion" is not defined in the insurance policy, and we thus "afford that term its 'plain and

ordinary meaning' " (*Gallo v Travelers Prop. Cas.*, 21 AD3d 1379, 1380). Webster's Third New International Dictionary defines "explosion" as "an act of exploding" (Webster's Third New International Dictionary 802 [2002]), and to "explode" is "to burst violently as a result of pressure from within" (*id.* at 801). Here, plaintiffs submitted evidence, i.e., the affidavits of plaintiff Frederick J. Platek and an expert engineer, sufficient to establish as a matter of law that there was an "explosion" of the water main abutting their property caused by the build up of pressure therein; that the pressure in the water main "result[ed] from" the conditions set forth in item 4, i.e., "[w]ater . . . below the surface of the ground"; and that the explosion of the water main caused "sudden and accidental direct physical loss" to plaintiffs' property. Plaintiffs thus met their initial burden on the motion, and Allstate failed to raise a triable issue of fact in opposition inasmuch as it did not oppose plaintiffs' factual showing (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

All concur except PERADOTTO and MARTOCHE, JJ., who dissent and vote to reverse in accordance with the following Memorandum: We respectfully dissent because, in our view, the homeowners insurance policy at issue specifically excludes plaintiffs' loss and the exception to the exclusion relied upon by plaintiffs does not apply. We would therefore reverse the order, deny plaintiffs' motion for summary judgment, and grant the cross motion of defendant Allstate Indemnity Company (Allstate) for summary judgment dismissing the complaint against it. We note at the outset that we agree with the majority that Supreme Court erred in "declaring" that the claimed loss is covered under the policy because this is a breach of contract action and not a declaratory judgment action (*see Gravino v Allstate Ins. Co.*, 73 AD3d 1447, 1448, *lv denied* 15 NY3d 705). We therefore also would vacate the declaration.

Plaintiffs are the owners of certain residential real property in defendant Town of Hamburg, which property was insured under a policy of insurance issued by Allstate (policy). The policy provides, in relevant part, that Allstate does not cover "loss to the property . . . consisting of or caused by: 1. Flood, including, but not limited to, surface water . . . [;] 2. Water . . . that backs up through sewers or drains[;] 3. Water . . . that overflows from a sump pump, sump pump well or other system designed for the removal of subsurface water . . . [; or] 4. Water . . . on or below the surface of the ground, regardless of its source . . . [,] includ[ing] water . . . which exerts pressure on, or flows, seeps or leaks through any part of the residence premises" (water loss exclusion). In September 2010, plaintiffs' property was damaged when an abutting water main ruptured and water flooded their property, causing water damage to the basement of their home. Allstate disclaimed coverage under "item 4" of the water loss exclusion.

Plaintiffs commenced this action alleging that Allstate breached its insurance contract with plaintiffs by failing to provide coverage for the water damage to their home. Plaintiffs relied upon an exception to the water loss exclusion (exception), which provides that

Allstate covers "sudden and accidental direct physical loss caused by fire, explosion or theft resulting from items 1 through 4," i.e., the four categories of water incursion set forth in the water loss exclusion. Specifically, plaintiffs averred that the exception applies because their claimed loss was caused by an "explosion" of the water main. As noted by the majority, plaintiffs moved for summary judgment seeking a declaration that their loss is covered by the policy and directing Allstate to pay their claim. Allstate cross-moved for summary judgment dismissing the complaint against it on the ground that the policy does not cover plaintiffs' loss. The court granted the motion, denied the cross motion, declared that plaintiffs' loss is covered under the policy and directed Allstate to pay plaintiffs' claim in accordance with the policy provisions. We would reverse, deny plaintiffs' motion, thus vacating the improper declaration, and grant the cross motion of Allstate for summary judgment dismissing the complaint against it.

It is undisputed that the loss occurred when a water main ruptured outside plaintiffs' residence, causing water to enter the basement of their home. It is therefore further undisputed that the loss falls within item 4 of the water loss exclusion precluding coverage for "loss to the property . . . consisting of or caused by . . . [w]ater . . . on or below the surface of the ground, regardless of its source . . . [,] includ[ing] water . . . which exerts pressure on, or flows, seeps or leaks through any part of the residence premises." "[B]ecause the existence of coverage depends entirely on the applicability of [an] exception to the [water loss] exclusion," plaintiffs bear the burden of demonstrating the applicability of the exception (*Borg-Warner Corp. v Insurance Co. of N. Am.*, 174 AD2d 24, 31, *lv denied* 80 NY2d 753; *see Hritz v Saco*, 18 AD3d 377, 378; *Redding-Hunter, Inc. v Aetna Cas. & Sur. Co.*, 206 AD2d 805, 807, *lv denied* 86 NY2d 709).

In construing an insurance contract, the "parties' intent is to be ascertained by examining the policy as a whole, and by giving effect and meaning to every term of the policy" (*Oot v Home Ins. Co. of Ind.*, 244 AD2d 62, 66 [internal quotation marks omitted]; *see Consolidated Edison Co. of N.Y. v Allstate Ins. Co.*, 98 NY2d 208, 221-222 ["We construe the policy in a way that affords a fair meaning to all of the language employed by the parties in the contract and leaves no provision without force and effect" (internal quotation marks omitted)]). "[W]ords and phrases are to be understood in their plain, ordinary, and popularly understood sense, rather than in a forced or technical sense" (*Oot*, 244 AD2d at 66). "Where the provisions of the policy are clear and unambiguous, they must be given their plain and ordinary meaning, and courts should refrain from rewriting the agreement" (*United States Fid. & Guar. Co. v Annunziata*, 67 NY2d 229, 232 [internal quotation marks omitted]).

Unlike the majority, we conclude that, when viewing the policy as a whole, the claimed loss is not covered under the clear and unambiguous language of the policy. Plaintiffs did not purchase, and Allstate did not provide, what may generally be characterized as flood insurance. The water loss exclusion broadly exempts from coverage

losses consisting of or caused by the entry of water into the insured premises "regardless of its source."  The exception to that exclusion covers "sudden and accidental direct physical loss caused by fire, explosion or theft *resulting from items 1 through 4 listed above*" (emphasis added), i.e., the four types of excluded water events.  In our view, the exception should not be construed as intending to create coverage for water intrusion inasmuch as such a reading of the exception would supplant the water loss exclusion (*see generally Narob Dev. Corp. v Insurance Co. of N. Am.*, 219 AD2d 454, *lv denied* 87 NY2d 804).  Rather, we agree with Allstate that the exception is properly characterized as an "ensuing loss provision," excluding from coverage any initial loss to the insured's property caused by "[w]ater . . . on or below the surface of the ground," but covering secondary or ensuing loss caused by fire, explosion or theft that occurs as the result of an excluded water event (*see id.* ["Where a property insurance policy contains an exclusion with an exception for ensuing loss, courts have sought to assure that the exception does not supersede the exclusion by disallowing coverage for ensuing loss directly related to the original excluded risk"]).

As noted above, the exception provides that Allstate covers "sudden and accidental direct physical loss caused by fire, explosion or theft resulting from" the entry of water into the residence as described in items 1 through 4 of the water loss exclusion.  The phrase "resulting from" in the exception does not mean "caused by," nor should it be interpreted in that manner.  Indeed, interpreting the exception to cover a loss where an explosion is caused by water outside the residence, as plaintiffs urge, contravenes the purpose of the water loss exclusion, which is to preclude coverage for losses caused by water entry into the residence (*see ITT Indus. v Factory Mut. Ins. Co.*, 303 AD2d 177, 177 [rejecting plaintiff's "untenable interpretation that the policy provided coverage for a resulting loss of an excluded risk"]).  Rather, the language "resulting from" is properly interpreted as referring to an "ensuing loss," i.e., a loss that follows or takes place after an excluded event (*Goldner v Otsego Mut. Fire Ins. Co.*, 39 AD2d 440, 442; *see Narob Dev. Corp.*, 219 AD2d at 454).  In other words, the exception refers to a separate occurrence—fire, explosion or theft—that results from the water damage to the residence, and does not refer to the water damage itself.  For example, a fire or explosion triggered by water damage to a circuit breaker or appliance, or a theft that occurs in an empty house rendered uninhabitable by water damage would constitute an ensuing loss.  Our interpretation of the phrase "resulting from" is consistent with the dictionary definition of "resulting" ("[t]o come about as a consequence," "synonym[]" to follow), or "resultant" ("[i]ssuing or following as a consequence or result") (The American Heritage Dictionary 1487 [4th ed 2000]).  Thus, in our view, the only reasonable interpretation of the exception is that it covers losses caused by fire, explosion or theft *that follows* one of the excluded water events set forth in items 1 through 4 of the water loss exclusion.

Given the nature of the water loss exclusion, we discern no other plausible way to read the exception.  The water loss exclusion is for

loss "consisting of or caused by" water intrusion; the coverage in the exception is for loss "direct[ly] . . . caused by" fire, explosion, or theft that "result[s] from" water intrusion.  In order to adopt plaintiffs' interpretation, we would have to read the exception to cover a loss caused by an explosion that in turn is caused by water. The difficulty with that interpretation is exposed when the same interpretation is applied to a loss from "theft," also a part of the exception.  Under plaintiffs' interpretation, the exception covers a loss caused by a theft that is caused by water—an illogical, if not absurd, reading.  The weakness of plaintiffs' proposed interpretation is further exposed in reviewing the exception that covers "sudden and accidental direct physical loss caused by . . . theft . . . resulting from earth movement."  Theft cannot be "caused" by earth movement, although theft might logically follow an earthquake if, for example, the door to the residence is damaged, the windows are shattered, or the house is rendered uninhabitable by the earthquake.

Because, in our view, plaintiffs' interpretation of the exception is unreasonable, we would reverse the order, deny plaintiffs' motion for summary judgment, thus vacating the improper declaration, and grant Allstate's cross motion for summary judgment dismissing the complaint against it.

Entered:  July 6, 2012                        Frances E. Cafarell
                                              Clerk of the Court