10-5131-cv
Rapid Park Indus. v. Great N. Ins. Co.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of November, two thousand twelve.

PRESENT:  JOHN M. WALKER, JR.,
          GERARD E. LYNCH,
                    *Circuit Judges*,
          JOHN GLEESON,
                    *District Judge.*[*]

_____

RAPID PARK INDUSTRIES, B.E.W. PARKING CORP.,

          *Plaintiffs-Appellants*,

          v.                                        No. 10-5131-cv

GREAT NORTHERN INSURANCE COMPANY,
FEDERAL INSURANCE CO.,

          *Defendants-Appellees.*

_____

FOR PLAINTIFFS-APPELLANTS:     JOSÉ ANIBAL BÃEZ(Danny Ezraty, *on the brief*), The Baez Law Firm, New York, N.Y.

---

[*] The Honorable John Gleeson of the United States District Court for the Eastern District of New York, sitting by designation.

FOR DEFENDANTS-APPELLEES: JOHN A. NOCERA, Rosner Nocera & Ragone, LLP, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiffs-appellants Rapid Park Industries and B.E.W. Parking Corporation ("plaintiffs") appeal from the district court's dismissal of their claims that defendants-appellees Great Northern Insurance Company and Federal Insurance Company ("defendants") breached their contract and acted in bad faith in denying plaintiffs' insurance claims. We affirm for substantially the same reasons set forth by the district court in its summary judgment ruling. Rapid Park Indus. v. Great N. Ins. Co., No. 09 Civ. 8292, 2010 WL 4456856 (S.D.N.Y. Oct. 15, 2010). We assume the parties' familiarity with the facts, procedural history, and the issues on appeal.

Plaintiffs leased and operated a parking garage in the lower levels of the Apthorp building in the Upper West Side. On April 18, 2008, the New York City Department of Buildings ("DOB") issued plaintiffs a summons for "failure to maintain" the garage, as well as a Vacate Order, stating:

> This order is issued because there is imminent danger to the life and safety of the occupants, in that the Concrete floor-slab has deteriorated, exposing rebars. Cracks and sagging ha[ve] developed at various locations, at both levels, creating a danger of collapsing. The garage also has no second means of egress or required ventilation, at both levels.

2

The garage was then closed and padlocked by the DOB. On May 6, 2008, plaintiffs filed a claim with defendants pursuant to their business interruption insurance policy for the loss of income resulting from the vacate order. Defendants denied the claim on June 5, 2009.

Plaintiffs sued defendants for breach of contract and "bad faith." The district court granted defendants' motion for summary judgment and dismissed the claim in its entirety, finding that plaintiffs' loss fell within three policy exclusions, each of which separately would preclude coverage: (1) wear and tear; (2) planning, design, materials or maintenance; and (3) settling. Plaintiffs argue that: (1) these three exclusions do not apply; (2) plaintiffs' loss falls within the "ensuing loss or damage" exception to these exclusions; and (3) defendants are estopped from disclaiming coverage. We review a district court's grant of summary judgment de novo, viewing the facts in the light most favorable to the non-moving party. See Pilgrim v. Luther, 571 F.3d 201, 204 (2d Cir. 2009).

**A.    Policy Exclusions**

Plaintiffs' policy excludes coverage for loss or damage caused by "wear and tear or deterioration." This language is not ambiguous, as plaintiffs argue, and the record, including the testimony of plaintiffs' own expert, overwhelmingly demonstrates that the damage to the garage was caused by deterioration. The district court correctly held that plaintiffs' loss fell within this exclusion.

Plaintiffs' argument that their loss falls within the "ensuing loss or damage" exception to the "wear and tear" exclusion is unavailing. Plaintiffs argue that it was "originally water seeping into the garage" that resulted in the deterioration of the garage. While there is

3

testimony to that effect, this damage was not "ensuing," in the sense that it was a separate, subsequent event that occurred due to the deterioration. Instead, it was "directly related to the original excluded risk," which New York courts exclude from the "ensuing loss" exception. See Narob Dev. Corp. v. Ins. Co. of N. Am., 631 N.Y.S.2d 155, 155-56 (App. Div. 1995) ("Where a property insurance policy contains an exclusion with an exception for ensuing loss, courts have sought to assure that the exception does not supersede the exclusion by disallowing coverage for ensuing loss directly related to the original excluded risk."); see also Aetna Cas. & Sur. Co. v. Yates, 344 F.2d 939, 941 (5th Cir. 1965) (Friendly, J., sitting by designation) ("A likely case for application of the clause would be if water used in extinguishing a fire or coming from a burst pipe flooded the house and in turn caused rust or rot; loss from rust or rot so caused would be a loss ensuing on water damage. That is not this case, where the rot may have ensued from the presence of water but not from water damage.").

As we find that plaintiffs' loss falls within the "wear and tear" exclusion and does not come within the "ensuing damage" exception, we need not reach the other exclusions.

**B.     Estoppel**

Plaintiffs also argue that defendants are estopped from denying coverage, because they unreasonably delayed the denial of plaintiffs' claim, and initially misrepresented to plaintiffs that their claim would be covered.[1] Plaintiffs claim that they were prejudiced by

---

[1] The district court grouped plaintiffs' waiver and estoppel claims together, and only analyzed plaintiffs' waiver claims. Rapid Park, 2010 WL 4456856, at *2 n.3. This is incorrect, as "[w]aiver and estoppel are distinct in New York insurance law." Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp., 302 F.3d 83, 95 (2d Cir. 2002).

"relying on [defendants'] promise that they would honor the claim to provide the necessary funding" so that plaintiffs could open a temporary parking location. Defendants allege that they consistently told plaintiffs that they could not determine coverage until they inspected the garage, and at no time promised payment or advised plaintiffs that the loss was covered.

Estoppel "arises where an insurer acts in a manner inconsistent with a lack of coverage, and the insured reasonably relies on those actions to its detriment." Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp., 302 F.3d 83, 95 (2d Cir. 2002). Estoppel arguments are precluded where an insurer "repeatedly and expressly reserved its rights in its communications" with the insured. Globecon Grp., LLC v. Hartford Fire Ins. Co., 434 F.3d 165, 176 (2d Cir. 2006); see also N.Y. Univ. v. Cont'l Ins. Co., 662 N.E.2d 763, 772 (N.Y. 1995) (denying estoppel argument where "the insurer did nothing which should have led plaintiff to believe it was providing coverage for the claimed loss").

Plaintiffs' allegations are unsupported by the record; the record evidence permits no genuine dispute that defendants "repeatedly and expressly reserved" their right to disclaimer. The only allegations that defendants promised plaintiffs that their losses were covered are in the affidavit of Kevin R. Wolf, B.E.W.'s president ("Wolf"). To the extent that these promises were allegedly made to Wolf himself in meetings with defendants, these allegations are controverted by Wolf's deposition testimony, taken seven weeks prior to the affidavit. To the extent that these promises were allegedly made to another employee, who then recounted them to Wolf (as explained by plaintiffs at oral argument), their inclusion in Wolf's affidavit constitutes inadmissible hearsay. The documentary record shows that

5

defendants consistently reserved their rights to disclaim coverage, and indeed sent plaintiffs two separate letters stating so. While plaintiffs claim not to have received the June 2, 2008, letter, they do not contest that they received the February 6, 2009, letter.[2] Further, emails between plaintiffs, plaintiffs' broker, and defendants in November 2008 refer to the June 2, 2008, reservation of rights letter, and reiterated defendants' position that until they could inspect the garage, they could not "address coverage, or any lack thereof." Finally, plaintiffs' own insurance expert acknowledged that defendants needed to make an inspection of the garage before determining coverage.

Because we affirm the district court's judgment on the grounds set forth above, we need not reach defendants' other arguments.

The judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Defendants also asserted below that plaintiffs' broker admitted that he received the July 2, 2008. We do not rely on this assertion, as it was based on inadmissible hearsay.

6