12-3340-cv(L)
RSUI Indem. Co. v. RCG Grp. (USA)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of June, two thousand thirteen.

PRESENT:  CHESTER J. STRAUB,
          REENA RAGGI,
          CHRISTOPHER F. DRONEY,
            *Circuit Judges.*

-----------------------------------------------------------------------

RSUI INDEMNITY COMPANY,
        *Plaintiff-Counter-Defendant-Cross-Defendant-Appellee,*

        v.                                               Nos. 12-3340-cv(L);
                                                    12-3345-cv(CON)

RCG GROUP (USA),
        *Defendant-Cross-Defendant-Appellant,*

RELIANCE CONSTRUCTION, LTD.,
        *Defendant-Cross-Defendant-Counter-Defendant-Counter-Claimant-Appellant,*

964 ASSOCIATES LLC, 968 KINGSMEN LLC, EAST
51ST STREET DEVELOPMENT COMPANY, LLC,
                *Nominal Defendants-Cross-Defendants-*
                *Counter-Claimants-Cross-Claimants-*
                *Appellants.*[*]

------------------------------------------------------------------------

| | |
|---|---|
| APPEARING FOR APPELLEE: | GEORGE R. HARDIN (Stephen P. Murray, *on the brief*), Hardin Kundla McKeon & Poletto, P.A., New York, New York. |
| APPEARING FOR APPELLANTS: | CHAD E. SJOQUIST (Maria J. Foglietta, *on the brief*), Gallo Vitucci Klar LLP, New York, New York. |
| FOR NOMINAL APPELLANTS: | Paul R. Koepff, Clyde & Co. US LLP, New York, New York. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul A. Engelmayer, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on August 7, 2012, is AFFIRMED.

RCG Group (USA), Reliance Construction, Ltd., 964 Associates LLC, 968 Kingsmen LLC, and East 51st Street Development Company, LLC appeal from an award of summary judgment in favor of their insurer, RSUI Indemnity Company ("RSUI"), declaring that RSUI owes appellants no coverage under a policy ("the Policy") in connection with a March 15, 2008 crane collapse in Midtown Manhattan that resulted in seven deaths.

---

[*] The Clerk of Court is directed to amend the official caption as shown above.

We review de novo an award of summary judgment, construing the evidence in the light most favorable to the non-moving party. See Fund for Animals v. Kempthorne, 538 F.3d 124, 131 (2d Cir. 2008). Because the construction of an insurance contract presents a question of law, we also review that issue de novo. See Fireman's Fund Ins. Co. v. TD Banknorth Ins. Agency Inc., 644 F.3d 166, 169 (2d Cir. 2011). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm largely for the reasons stated by the district court in its detailed and well-reasoned opinion. See RSUI Indem. Co. v. RCG Grp. (USA), 890 F. Supp. 2d 315 (S.D.N.Y. 2012).

Appellants challenge the award of summary judgment on the grounds that the Policy's exclusion for work on "residential project[s]" (the "Exclusion"), Policy at 15, does not unambiguously apply here because the building at issue was intended to include community space. They further argue that an exception to the Exclusion (the "Exception") also precludes summary judgment in favor of RSUI. For the reasons stated by the district court, these arguments fail on the merits.

The Exclusion applies to residential buildings and "mixed-use buildings," the latter of which are defined as "structures . . . which contain both residential units and commercial space." Policy at 15. Viewed in the light most favorable to appellants, the evidence indicates that at the time of the accident, the building at issue was intended to contain a large number of residential units, some commercial premises, and community space. Appellants argue that

3

the contemplated community space takes the building outside the Policy's mixed-use definition. We disagree. The plain meaning of the word "contain" "implies the actual presence of a specified substance or quantity within something," Webster's New Collegiate Dictionary 282 (9th ed. 1990). It does not, however, signal that the specified substances are the exclusive content. Thus, like the district court, we conclude that RSUI carried its burden to show that the Exclusion applies here. The New York cases Appellants cite in urging otherwise are all distinguishable for the reasons stated by the district court. See RSUI Indem. Co. v. RCG Group (USA), 890 F. Supp. 2d at 328–29.

Insofar as appellants attempt to identify Policy ambiguity in deposition testimony from RSUI's underwriter as to the proportion of non-residential space required to render a project mixed-use rather than simply residential, the district court ruled in Appellants' favor by rejecting RSUI's argument that the building was solely residential. The testimony does not demonstrate similar ambiguity surrounding the question at issue here: whether a building containing residential uses and commercial space can no longer be deemed mixed-use because some community space is contemplated. That question is properly answered "no."

The Exclusion nevertheless is subject to an Exception for "your operations or 'your work' that is on or in commercial space in 'mixed-use buildings.'" Policy at 15. Appellants appear to argue that the Exception applies here because (1) the terms "your operations" and "your work" are ambiguous, and thus had to be construed in favor of the insured; and (2) the crane was being used to construct the superstructure of the building, and the building as a

4

whole contained some commercial space. As for the first point, the record suggests that these terms were construed in Appellants' favor, as they do not inform the challenged award. As for the second, it does not appear to have been presented to the district court, and we therefore decline to address it on appeal. See In re Nortel Networks Corp. Sec. Litig., 539 F.3d 129, 133 (2d Cir. 2008). In any event, the argument is unconvincing, as such a construction of the exception would swallow the exclusion for mixed-use buildings, contrary to the obvious intent of the parties. See Lummus Co. v. Commonwealth Oil Ref. Co., 297 F.2d 80, 93 (2d Cir. 1961) (rejecting reading of insurance contract "that would allow an exception, ineptly worded to meet a particular problem, to swallow the rule"); Narob Dev. Corp. v. Ins. Co. of N. Am., 219 A.D.2d 454, 454, 631 N.Y.S.2d 155, 155 (1st Dep't 1995) (rejecting reading of insurance policy that would permit exception to "supersede the exclusion").

We have considered Appellants' remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5