In an action, inter alia, to recover damages for breach of an insurance contract, the defendant Catlin Insurance Company appeals from an order of the Supreme Court, Kings County (Sweeney, J.), dated May 29, 2015, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.
 

 Ordered that the order is affirmed, with costs.
 

 The plaintiff was hired as the general contractor on a project to demolish an existing building and construct a new residential building on property owned by 36 Maspeth Avenue, LLC. In August 2007, the plaintiff procured a commercial general liability insurance policy from the defendant Catlin Insurance Company (hereinafter the defendant). Sometime before December 8, 2008, while construction work was ongoing, the foundation of the adjacent building became undermined and the building was damaged. The plaintiff repaired the damage to the adjacent building and sought indemnification from the defendant under the liability policy. The defendant disclaimed coverage on the ground that a subsidence exclusion in the policy excluded coverage.
 

 Thereafter, the plaintiff commenced this action against, among others, the defendant, inter alia, to recover damages for breach of the insurance policy. The defendant moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied the motion, and the defendant appeals.
 

 Exclusions from coverage in an insurance policy are to be accorded a strict and narrow construction (see Pioneer Tower Owners Assn. v State Farm Fire & Cas. Co., 12 NY3d 302, 307 [2009]). Accordingly, an insurer seeking to rely on a policy exclusion bears the burden of establishing “that the exclusion is stated in clear and unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case” (Westview Assoc. v Guaranty Natl. Ins. Co., 95 NY2d 334, 340 [2000] [internal quotation marks omitted]; see Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 311 [1984]; Soni v Pryor, 139 AD3d 841 [2016]). “The burden is a heavy one, and if the language is doubtful or uncertain in its meaning, any ambiguity will be construed in favor of the insured and against the insurer” (Lee v State Farm Fire & Cas. Co., 32 AD3d 902, 904 [2006]).
 

 Here, the defendant failed to establish, prima facie, that the subsidence exclusion applied to the plaintiffs loss (cf. Bentoria Holdings, Inc. v Travelers Indem. Co., 20 NY3d 65, 67 [2012]). Since the defendant failed to make a prima facie showing, the Supreme Court properly denied its motion for summary judgment, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
 

 Dillon, J.P., Austin, Roman and Cohen, JJ., concur.