Fruchthandler v Tri-State Consumer Ins. Co. (2019 NY Slip Op 02502)





Fruchthandler v Tri-State Consumer Ins. Co.


2019 NY Slip Op 02502


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2016-08206
 (Index No. 507653/14)

[*1]Moshe Fruchthandler, et al., appellants,
v
Tri-State Consumer Insurance Company, respondent.


Aboulafia Law Firm, LLC, New York, NY (Jack Glanzberg of counsel), for appellants.
Kaufman Dolowich & Voluck LLP (Thomas Torto and Jason Levine, New York, NY, of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of a homeowner's insurance policy, the plaintiffs appeal from an order of the Supreme Court, Kings County (Debra Silber, J.), dated June 30, 2016. The order, insofar as appealed from, denied the plaintiffs' motion for summary judgment on the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiffs' motion which was for summary judgment on the issue of liability, and substituting therefor a provision granting that branch of the plaintiffs' motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on the issue of damages.
The plaintiffs are the owners of a two-family dwelling located in Brooklyn. On May 27, 2014, there was a fire at the plaintiffs' home, causing damage. The plaintiffs submitted a claim dated May 28, 2014, to the defendant insurance company under an all-risk homeowner's insurance policy covering the period from December 1, 2013, through December 1, 2014 (hereinafter the policy). Following an inspection of the property by a fire investigator and an electrical engineer, the defendant issued a letter to the plaintiffs' claims adjuster disclaiming coverage for "building damage" on the grounds that "improper conditions" related to a junction box "were the direct cause of the fire and instant loss" and the policy specifically excluded coverage for faulty workmanship. The exclusion provided, in relevant part, "[w]e do not insure for loss to property described in Coverages A and B caused by any of the following. However, any ensuing loss to property described [in] Coverages A and B not excluded or excepted in this policy is covered. . . c. Faulty, inadequate or defective: . . . (2) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction . . . of part or all of any property, whether on or off residence premises."
In August 2014, the plaintiffs commenced this action to recover damages for breach of the insurance policy, alleging that the damage resulting from the fire was a covered loss under the policy. The plaintiffs subsequently moved for summary judgment on the complaint, and the [*2]defendant cross-moved for summary judgment dismissing the complaint. The Supreme Court denied the motion and the cross motion, and the plaintiffs appeal from the denial of their motion.
"In determining a dispute over insurance coverage, we first look to the language of the policy" (Consolidated Edison Co. of N.Y. v Allstate Ins. Co., 98 NY2d 208, 221). "Generally, where an insurer wishes to exclude certain coverage from its policy obligations, it must do so in clear and unmistakable language" (Lee v State Farm Fire & Cas. Co., 32 AD3d 902, 903 [internal quotation marks omitted]; see Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 311; Vertex Restoration Corp. v Catlin Ins. Co., 156 AD3d 847, 848). "[A]lthough the insurer has the burden of proving the applicability of an exclusion, it is the insured's burden to establish the existence of coverage" (Platek v Town of Hamburg, 24 NY3d 688, 694 [citations omitted]). Thus, "[where] the existence of coverage depends entirely on the applicability of [an] exception to the exclusion, the insured has the duty of demonstrating that it has been satisfied" (Borg-Warner Corp. v Insurance Co. of N. Am., 174 AD2d 24, 31).
"Where a property insurance policy contains an exclusion with an exception for ensuing loss, courts have sought to assure that the exception does not supersede the exclusion by disallowing coverage for ensuing loss directly related to the original excluded risk" (Narob Dev. Corp. v Insurance Co. of N. Am., 219 AD2d 454, 454; see Platek v Town of Hamburg, 24 NY3d at 694). Therefore, "an ensuing loss provision . . . provide[s] coverage when, as a result of an excluded peril, a covered peril arises and causes damage" (Platek v Town of Hamburg, 24 NY3d at 695 [internal quotation marks omitted]; see Montefiore Medical Center v American Protection Ins. Co., 226 F Supp 2d 470, 479 [SD NY]).
We disagree with the Supreme Court's determination that the plaintiffs did not establish, as a matter of law, that the exception to the faulty workmanship exclusion was applicable to preserve coverage for the damage to their property. The evidence in the record demonstrated that the fire occurred two years after the alleged faulty workmanship related to the junction box, and caused ensuing loss to property "wholly separate from the defective property itself" (Montefiore Medical Center v American Protection Ins. Co., 226 F Supp 2d at 479). This case is distinguishable from those cases where the insured sought coverage under an ensuing loss exception for the cost of correcting the faulty or defective workmanship (see e.g. Narob Dev. Corp. v Insurance Co. of N. Am., 219 AD2d 454; Copacabana Realty LLC v Fireman's Fund Ins. Co., 2013 WL 1934361, 2013 NY Misc LEXIS 1877 [Sup Ct, Suffolk County], affd 130 AD3d 771; Laquila Const., Inc. v Travelers Indem. Co. of Illinois, 66 F Supp 2d 543, 546 [SD NY], affd 216 F3d 1072 [2d Cir]). Accordingly, we disagree with the Supreme Court's determination denying that branch of the plaintiffs' motion which was for summary judgment on the issue of liability. Contrary to the plaintiffs' contention, however, the matter must be remitted to the Supreme Court, Kings County, for further proceedings on the issue of damages. In light of our determination, we need not address the merits of the alternative grounds for summary judgment raised by the plaintiffs.
RIVERA, J.P., COHEN, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court