Fifth Ave. Props., LLC v AIG Prop. Cas. Co. (2024 NY Slip Op 04544)

Fifth Ave. Props., LLC v AIG Prop. Cas. Co.

2024 NY Slip Op 04544

Decided on September 25, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 25, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-01540
 (Index No. 56471/21)

[*1]Fifth Avenue Properties, LLC, appellant,
v
AIG Property Casualty Company, respondent.

Pillsbury Winthrop Shaw Pittman LLP, New York, NY (James M. Catterson, Danielle M. Stefanucci, Michael Evan Jaffe, pro hac vice, and Laura Freid-Studlo, pro hac vice, of counsel), for appellant.
Steptoe & Johnson LLP, New York, NY (John F. O'Connor, pro hac vice, and Charles Michael of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of an insurance contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (David S. Zuckerman, J.), dated January 10, 2023. The order denied the plaintiff's motion for summary judgment on the issue of liability and granted the defendant's cross-motion for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the defendant's cross-motion for summary judgment dismissing the complaint, and substituting therefor a provision denying the cross-motion; as so modified, the order is affirmed, with costs to the plaintiff.
In May 2021, the plaintiff commenced this action against the defendant insurance company to recover damages for breach of a homeowner's insurance policy (hereinafter the policy) insuring the plaintiff's real property located in Armonk (hereinafter the property). According to the plaintiff, the defendant provided the policy to the plaintiff but denied a claim that the plaintiff submitted to the defendant under the policy. The plaintiff alleged, inter alia, that extensive water and mold damage had occurred, which was a covered loss under the policy, and the defendant improperly denied it. The plaintiff moved for summary judgment on the issue of liability, and the defendant cross-moved for summary judgment dismissing the complaint. In an order dated January 10, 2023, the Supreme Court denied the plaintiff's motion and granted the defendant's cross-motion. The plaintiff appeals.
"In determining a dispute over insurance coverage, we first look to the language of the policy" (Consolidated Edison Co. of N.Y. v Allstate Ins. Co., 98 NY2d 208, 221). Generally, where an insurer wishes to exclude certain coverage from its policy obligations, it must do so in clear and unmistakable language (see Lee v State Farm Fire & Cas. Co., 32 AD3d 902, 903). "[A]lthough the insurer has the burden of proving the applicability of an exclusion, it is the insured's burden to establish the existence of coverage" (Platek v Town of Hamburg, 24 NY3d 688, 694 [citation omitted]; see Fruchthandler v Tri-State Consumer Ins. Co., 171 AD3d 706, 707). "Thus, '[where] the existence of coverage depends entirely on the applicability of [an] exception to the exclusion, the insured has the duty of demonstrating that it has been satisfied'" (Fruchthandler v Tri-State [*2]Consumer Ins. Co., 171 AD3d at 707, quoting Borg-Warner Corp. v Insurance Co. of N. Am., 174 AD2d 24, 31).
"'Where a property insurance policy contains an exclusion with an exception for ensuing loss, courts have sought to assure that the exception does not supersede the exclusion by disallowing coverage for ensuing loss directly related to the original excluded risk'" (Fruchthandler v Tri-State Consumer Ins. Co., 171 AD3d at 707, quoting Narob Dev. Corp. v Insurance Co. of N. Am., 219 AD2d 454, 454; see Platek v Town of Hamburg, 24 NY3d at 694). Therefore, "an ensuing loss provision . . . provide[s] coverage when, as a result of an excluded peril, a covered peril arises and causes damage" (Platek v Town of Hamburg, 24 NY3d at 695 [internal quotation marks omitted]; see Fruchthandler v Tri-State Consumer Ins. Co., 171 AD3d at 707-708).
Here, the Supreme Court should have denied the defendant's cross-motion for summary judgment dismissing the complaint. The defendant failed to establish its prima facie entitlement to judgment as a matter of law, in that its submissions did not establish, as a matter of law, that the defective construction and design exclusion in the insurance policy was applicable to support its denial of coverage for all of the claimed damage to the property. The evidence in the record demonstrated that the property sustained water and mold damage. However, the timing of that damage was unclear, and although the submitted engineer's report indicated the suspected cause of some of the claimed damage, the report failed to attribute or discount the causes of other claimed losses. Under these circumstances, the defendant thus failed to meet its prima facie burden on its cross-motion (see Mulle v Lexington Ins. Co., 198 AD3d 908, 910; Union Mut. Fire Ins. Co. v Johnson, 189 AD3d 1519, 1520).
The plaintiff's remaining contention is without merit.
DUFFY, J.P., MALTESE, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court